[Civ. No. 796.   Third Appellate District.—February 10, 1911.]

## FANNIE M. BERNOU, Respondent, v. J. B. BERNOU, Appellant.

ORDER BASED UPON CONFLICTING AFFIDAVITS—REVIEW UPON APPEAL.—
In the consideration of an appeal from an order made upon conflicting affidavits, involving the decision of a question of fact, this court is bound by the same rule that controls it when oral testimony is presented for review; and, in such case, the affidavits in favor of the prevailing party must be taken as true, and the facts stated therein must be considered as established.

ID.—ORDER REFUSING TO CHANGE THE PLACE OF TRIAL—CONFLICTING AFFIDAVITS AS TO RESIDENCE OF DEFENDANT.—Where, in an action of divorce brought by the wife in Tuolumne county, the defendant appeared without summons, and filed a demurrer and demand for change of the place of trial to San Francisco as his residence, and the order refusing to grant it was made upon conflicting affidavits, and plaintiff presented affidavits setting forth detailed probative facts showing that his residence had been changed to Tuolumne county, and that he resided there when the action was commenced, the order cannot be disturbed upon appeal.

ID.—AFFIDAVITS STATING CONCLUSIONS WITHOUT FACTS—LACK OF PROBATIVE VALUE—DECISION MUST BE BASED ON PROBATIVE FACTS.— Affidavits merely setting forth the conclusion that defendant is a *bona fide* resident of San Francisco, without setting forth any facts upon which the conclusion is based, have no probative value. The court must decide the question of residence upon probative facts; and it is not for the witnesses to decide it.

APPEAL from an order of the Superior Court of Tuolumne County refusing to change the place of trial.   G. W. Nicol, Judge.

The facts are stated in the opinion of the court.

W. W. Davidson, for Appellant.

J. B. Curtin, for Respondent.

HART, J.—This is an appeal from an order denying the defendant's motion for a change of the place of trial of this action.

The plaintiff, on the twenty-ninth day of July, 1909, filed a complaint for a divorce from defendant in the superior

court in and for the county of Tuolumne. On the twelfth day of November, 1909, the defendant filed a general demurrer to the complaint and at the same time filed a demand and notice of motion for a change of the place of trial of the action from Tuolumne county to the city and county of San Francisco. Said motion was based upon the ground that the "defendant is now, and was at the time of the commencement of this action, and for a long time immediately prior thereto had been, a *bona fide* resident of said city and county of San Francisco," etc.

The order appealed from was made entirely upon affidavits filed by the respective parties, and if said affidavits present a conflict upon the question whether the defendant was a resident of the city of San Francisco at the time of the commencement of this action, the decision of the trial court thereon cannot be disturbed by this court. (*Doak* v. *Bruson,* 152 Cal. 19, [91 Pac. 1002], and cases therein cited. See, also, *Henderson* v. *Cohen,* 10 Cal. App. 585, [102 Pac. 826].) In the first-mentioned case, the supreme court, per Shaw, J., says: "In the consideration of an appeal from an order made upon affidavits, involving the decision of a question of fact, this court is bound by the same rule that controls it where oral testimony is presented for review. If there is any conflict in the affidavits, those in favor of the prevailing party must be taken as true, and the facts stated therein must be considered as established."

The plaintiff's affidavit discloses that she had known the defendant for about seven years prior to their marriage; that he was then a resident of the city of San Francisco; that, on or about the twenty-second day of June, 1908, she went to the town of Columbia, in Tuolumne county, "for the purpose of investigating the values of certain mining property near Yankee Hill, in said county, with a view of interesting persons in the purchase thereof, and returned to San Francisco within a few days thereafter and conveyed information regarding the probable value of said properties to the defendant, J. B. Bernou"; that said defendant desired to become interested with affiant in the purchase and operation of said property, and with that object in view accompanied affiant to Tuolumne county, arriving in the city of Sonora on July 2, 1908, and stopped at the Hotel Victoria, in said city; that defendant remained at said hotel until July 8, 1908, when he went to the town of Columbia, in said county, where he re-

mained for a period of two weeks, living, while at said town, at the City Hotel; that he then left Columbia in company with affiant, but returned to said town with affiant on the twenty-third day of October, 1908; that affiant and defendant became interested in a mine situated near said town of Columbia and, in the early part of November, 1908, said defendant and affiant went to San Francisco for the purpose of forming a corporation to be known as the "Nervy Gold Mining Company," and "in the name of said corporation to operate thereafter the said Nervy mine"; that said corporation was organized, and affiant became president and general manager and the defendant treasurer thereof, and its principal place of business was fixed and is in the said town of Columbia; that "said defendant, J. B. Bernou, concluded and so stated to affiant in the month of November, 1908, that he intended to permanently reside at Columbia, in said Tuolumne county, . . . and informed affiant that he had made all arrangements with his real estate agents, Bernard and Muther, in the city and county of San Francisco, to take care of the rents incoming from the property owned by said J. B. Bernou"; that in the latter part of November, 1908, said defendant purchased from James Carder and John Page a store and saloon business, then conducted by them at Italian Bar, in said county, and that in the early part of December, 1908, said defendant went to San Francisco and purchased a stock of goods, wares and merchandise and liquors "for the purpose of thereafter carrying on said store and saloon business at Italian Bar, in Tuolumne county, all of which goods subsequently and before the sixth day of January, 1909, arrived at Italian Bar"; that, on the sixth day of January, 1909, said defendant applied to the license collector of Tuolumne county for a liquor and merchandise license to conduct said saloon and store at Italian Bar, and that the same was granted, and that, accompanying the application for said license was a bond furnished by said defendant for conducting said saloon business; that defendant carried on said business at Italian Bar until the latter part of June, 1909. Affiant states that she and the defendant were married in the city of Martinez, in Contra Costa county, on the twenty-second day of March, 1909, and that the defendant, at the time of procuring the license from the county clerk of Contra Costa county authorizing the intermarriage of

himself and affiant, made and swore to an affidavit in which he declared that, at said time, he resided at Columbia, in Tuolumne county. Plaintiff further deposes that defendant left her in the town of Columbia on the twenty-fourth day of June, 1909, and that, before so taking his departure, he promised plaintiff that he would return to Columbia on or about the fourth day of July, 1909; that on the twenty-eighth day of June, defendant addressed to plaintiff a letter, dated at San Francisco, in which he stated that he was "expecting several parties (now absent from the city) who may consider investing in the Nervy company. I am unable to determine the probability of visiting you on the 4th of July. If, however, they return before Friday, I will spend the holiday in your company." It is further averred by affiant that she brought this action on the twenty-ninth day of July, 1909, and that thereafter she undertook to obtain service of summons on defendant, but that, although for several months she diligently sought information as to his whereabouts "through the chief of police and the police department of San Francisco and the sheriff of Los Angeles county and the sheriff of Alameda county and the police department of Oakland," she was unable to locate him, and, therefore, unable to cause summons to be served upon him; that his appearance in the action was voluntary and not because of having been served with process.

In corroboration of her affidavit, plaintiff filed twelve other affidavits by as many residents of Tuolumne county. Some of these affiants, besides repeating much of what is contained in plaintiff's affidavit, declared that Bernou stated to them, just before departing for San Francisco on the twenty-fourth day of June, 1909, that he was going to that city for temporary purposes only, and intended to return to Columbia shortly after the fourth day of July, 1909.

The defendant, by affidavit, flatly controverts the statements contained in plaintiff's affidavit, and, additionally, sets forth certain matters of fact from which, it may be conceded, the court might perhaps have been justified in finding in his favor on the question of residence. He also filed with his moving papers affidavits made by certain citizens of San Francisco. These merely allege that the affiants had known and knew Bernou for a certain number of years prior to and at the time of the commencement of this action, and that dur-

ing all the times so referred to said defendant, of their "personal knowledge, has been and now is, a *bona fide* resident of the city and county of San Francisco," etc.

Appellant contends that the affidavits filed by plaintiff are wholly lacking in the statement of any positive facts disclosing his residence to have been in Tuolumne county before or at the time of the institution of this action; that the statements contained in said affidavits amount to no more than mere conclusions of law. On the other hand, it is asserted that the affidavits filed by the defendant positively and unequivocally state facts from which it must necessarily be inferred that defendant was, at the time the complaint herein was filed, and had been for many years prior thereto, a resident of the city of San Francisco.

We think counsel for appellant has conceived, to some extent, a mistaken view of the character of the affidavits filed by both sides of the controversy.

It is true that the affidavits filed by both plaintiff and defendant contain some statements which involve mere conclusions of the affiants. This is particularly true of all the affidavits filed by the defendant, other than his own. Indeed, the affidavits of Carpy, Godeau, Cailleau, Walsh and Bernard, filed in support of defendant's motion, do not contain the statement of a single fact in support of their conclusion that the defendant "has been and now is a *bona fide* resident of the city and county of San Francisco." These affidavits amount to no more than mere bald statements that they had known defendant for many years in San Francisco, and that they have "personal knowledge" of his residence in that city. They state nothing to indicate of what such "personal knowledge" is predicated. The fact that they had known defendant for many years, even aided by the fact that they had seen and met him on many occasions in San Francisco during those years, would not constitute conclusive, nor even satisfactory, proof of such residence unless supported by some other substantial probative facts. Undoubtedly, the fact that defendant had often been seen in San Francisco might well be regarded as a circumstance tending to prove residence in said city, but it could be no more than a circumstance. But the mere statement that the defendant "has been and is a *bona fide* resident of San Francisco" is, taken alone, obviously,

without the slightest probative value. It is a conclusion, pure and simple, of the affiant. It involves the very issue submitted by the motion, the question thus raised being, of course, for the court and not for the witnesses to decide.

The affidavit of the plaintiff contains the statement of many facts or circumstances from which a court could reasonably conclude that defendant went to Columbia with a view of permanently locating there, and that, in fact, he did go to Tuolumne county with the intention of making it his permanent home. He became an officer of a mining corporation, whose principal place of business was at Columbia; he bought a merchandising and saloon business at Italian Bar, in Tuolumne county, and replenished the same with goods and merchandise purchased in San Francisco; applied to the local authorities for and was granted a license authorizing him to legally carry on and conduct said business; made an affidavit, when applying for his license to wed plaintiff, in which he also declared that he was then a resident of Columbia; declared to a number of persons his intention to locate and that he had located in Tuolumne county as a permanent resident thereof; stated to certain persons, when about to depart for San Francisco, after disposing of his business by a sale thereof to another, that he intended to return. All these constitute circumstances tending strongly to support plaintiff's claim that defendant's legal residence was, at and before the time at which she filed her complaint, in the county of Tuolumne. Indeed, they are sufficient to support the court's order refusing to transfer the cause to San Francisco for trial, and conceding that the facts set out in plaintiff's own affidavit are contradictory thereto, then the result is that there thus arises such a conflict in the affidavits upon the question of defendant's residence as to fortify the decision of the court below on the motion against successful challenge on appeal.

The order is affirmed.

Chipman, P. J., and Burnett, J., concurred.