[Civ. No. 974.  Third Appellate District.—November 29, 1912.]

## G. W. MARSTON, Respondent, v. ROWENA WATSON, Appellant.

VENUE—ORDER REFUSING CHANGE — CONFLICTING AFFIDAVITS — REVIEW UPON APPEAL.—Upon appeal from an order refusing to change the place of trial of an action, where it appears that the affidavits presented to the lower court were conflicting as to whether the moving defendant resided in the county of the venue or in another county in which he claimed to reside, the rule for the guidance of the appellate court in reviewing such appeal is the same as where conflicting oral testimony is presented for review; and upon such appeal, the affidavits in favor of the prevailing party must be taken as true, and if a rational inference can be drawn therefrom in favor of the action of the lower court, it must be affirmed.

ID.—SUFFICIENT SHOWING OF RESIDENCE IN COUNTY OF VENUE.—Where in opposition to the affidavit of defendant as to residence in another county, three affidavits were submitted on behalf of the plaintiff, setting forth facts clearly showing that both at the time of the commencement of the action and at the time of making such affida-

20 Cal. App.—30

vits, the defendant was in possession of leased premises in the county of the venue, as her home and place of abode, such affidavits were sufficient to establish the residence of defendant in such county, and to sustain the action of the court.

Id.—Nature of Residence.—Residence indicates permanency of occupation. If a party actually "lives" in a certain place, with the intention of remaining there indefinitely, that place must be said to be his residence. The abiding is with the intention of remaining when residence is acquired.

APPEAL from an order of the Superior Court of Napa County refusing to change the place of trial of an action. J. E. Prewett, Judge presiding.

The facts are stated in the opinion of the court.

L. C. Pistolesi, and O. P. Meldon, for Appellant.

E. S. Bell, for Respondent.

BURNETT, J.—This is an appeal from an order denying a motion for a change of venue. The action was brought in Napa County and defendant claimed to be a resident of Marin County, and the only question is whether there is any conflict in the evidence as to her residence. The matter was submitted upon affidavits and it is not disputed that the rule in such case for the guidance of an appellate court is the same as where oral testimony is presented; and therefore we must accept as established the facts recited in the affidavits of the prevailing party and if therefrom a rational inference can be drawn in consonance with the order of the lower court, we must affirm said order. (*Bernou* v. *Bernou,* 15 Cal. App. 341, [114 Pac. 1000].)

Three affidavits were filed on the part of plaintiff. In that of E. S. Bell it was stated that "he had been personally acquainted with the above named defendant for a period of ten or fifteen years; that about two weeks prior to the commencement of this action defendant visited the offices of this affiant in the city of Napa and in the discussion of the matters of the issues involved in the above entitled action, informed this affiant that she had leased the ranch upon which she then lived from her mother, Sarah Watson; that she had taken up

her abode on said ranch as her residence and intended to give the running of the said ranch her personal attention; that she was making her home upon said ranch and expected to develop said ranch and put it upon a paying basis; that to affiant's knowledge she had been on said ranch for a period of several months prior thereto, and ever since the said date of said conversation at affiant's offices, defendant has been an actual *bona fide* resident of the county of Napa, state of California."

In his affidavit, G. W. Watson declared that "he has known the defendant above named since the time of her birth; that he has been acquainted with her place of residence from her said birth up to the time of the making of this affidavit and does now depose and say; that she, at the time of the commencement of the above entitled action, was a resident of the county of Napa, and had been for a long time prior thereto, and is still at the present time a resident of the county of Napa; that she lived upon the adjoining premises to those occupied by this affiant, situate in Napa County, California, as her place of residence for a period of more than four months prior to the commencement of this action, and that said defendant actually occupied said premises as her home and place of abode during all the times herein mentioned."

G. W. Marston, the plaintiff, also deposed and said: "That for more than four months prior to the commencement of this action, he was residing upon the ranch commonly known as the 'Ring Watson Ranch' situate in the county of Napa; that during all that time the defendant Rowena Watson was keeping house and residing upon said premises; that at no time during that period did Rowena Watson live outside of the county of Napa; that said defendant Rowena Watson up to said time and up to the time of making of this affidavit has been actually a resident of the county of Napa, state of California."

It may be admitted that the declaration in said affidavits that defendant is a "resident" of said Napa County is a mere conclusion and should be disregarded; but, nevertheless, sufficient facts are set out to justify the trial court in reaching the conclusion that defendant did actually reside in Napa County.

Residence, in the language of the code (Pol. Code, sec. 52) is "the place where one remains when not called elsewhere for labor or other special or temporary purpose, and to which he returns in seasons of repose." In the Civil Code the term is used as synonymous with "domicile" (sec. 129).

Residence indicates permanency of occupation as distinct from lodging or boarding or temporary occupation. If a person actually "lives" in a certain place with the intention of remaining there indefinitely that place must be said to be his residence. In other words, the abiding is *animo manendi* when residence is acquired.

But as to the significance of the term there is no controversy and we proceed to recapitulate the facts which must be taken as true in the determination of this appeal. At the time the order denying the motion was made and for four months prior thereto the defendant was keeping house upon the ranch known as the "Ring Watson Ranch" in Napa County; that at no time during said period did she "live" outside of Napa County; that she actually occupied said premises as her home and place of abode during said time and that about two weeks prior to the commencement of the action she declared that she had leased the ranch from her mother, that she had taken up her abode there and intended giving the running of the ranch her personal attention; that she was making her home there and she expected to develop the ranch and put it upon a paying basis. . Believing the foregoing, as we must assume he did, it would be not only a rational but probably the only rational conclusion that the trial judge could reach that defendant had established her home in Napa County and intended to remain there indefinitely; in other words, that she was a resident of Napa County.

The cases cited by appellant are so dissimilar to this in their facts that no specific notice of them is deemed necessary.

The order is affirmed.

Chipman, P. J., and Hart, J., concurred.