[Civ. No. 1222. Third Appellate District.—May 9, 1914.]

ROBERT HOWARD SMILIE, Respondent, v. FLORENCE LUCIA SMILIE, Appellant.

APPEAL—REVIEW OF ORDER BASED UPON CONFLICTING AFFIDAVITS.—In the consideration of an appeal from an order made upon affidavits, involving the decision of a question of fact, this court is bound by the same rule that controls it where oral testimony is presented for review; if there is any conflict in the affidavits, those in favor of the prevailing party must be taken as true, and the facts stated therein must be considered as established.

ID.—AFFIDAVITS IN FAVOR OF SUCCESSFUL PARTY—WHAT DEEMED TO ESTABLISH.—As error is not presumed, and all intendments are in favor of the action of the lower court, it follows that the affidavits in behalf of the successful party are deemed to establish not only the facts directly stated therein, but also all facts which may reasonably be inferred or presumed from the direct and positive statements.

ID.—DIVORCE—MOTION FOR CHANGE OF VENUE—RESIDENCE OF DEFEND-
ANT.—A motion by the wife, in an action against her for divorce,
to change the place of trial from Alameda to Sacramento County,
on the ground that she is a resident of the latter, is properly denied,
where it appears that she left the home of the plaintiff in Alameda
County, without his consent and without misconduct on his part,
taking a portion of her personal effects with her, went to Sacramento
County, where she remained only one day, then departed for a
third county, taking with her all the personal effects she had
brought from Alameda County, and did not return to Sacramento
County and there reside although she entertained an intention of so
doing.

APPEAL from an order of the Superior Court of Alameda
County refusing a change of venue.   T. W. Harris, Judge.

The facts are stated in the opinion of the court.

C. E. McLaughlin, for Appellant.

Schwartz & Powell, for Respondent.

CHIPMAN, P. J.—Motion to change the place of trial from
Alameda County to Sacramento County.  The motion was
based upon the demand and the affidavit of defendant, the
ground of the motion being that, at the commencement of the
action, defendant was and ever since has been a resident of
Sacramento County.

The action is for divorce, the complaint alleging extreme
cruelty, and was filed July 15, 1912.

The affidavit states: "That since the 28th day of June, 1912,
said defendant, Florence Lucia Smilie, has resided in and
intends to continue to reside in the county of Sacramento,
state of California; that ever since said 28th day of June,
1912, said defendant, Florence Lucia Smilie, has been a resi-
dent of said county of Sacramento."  The remaining portion
of the affidavit relates to the statement to her counsel of the
facts connected with the case and the advice given that she
has "a sufficient and substantial defense on the merits to said
action."

In a further affidavit defendant sets forth the following
facts: "That on the 28th day of June, 1912, said defendant,
Florence Lucia Smilie, commenced to reside at 1118 Twelth

Street, in the city of Sacramento, county of Sacramento, state of California, at which point all her property and personal effects have since been; and since said 28th day of June, 1912, said defendant has continued to reside in the city of Sacramento, county of Sacramento, state of California, except while temporarily absent for the benefit of her health and as advised by her physician, at Tahoe Pines, on Lake Tahoe, in the county of Placer; that at all times while so temporarily absent, she has in good faith intended to and still intends to return to her said residence in the city of Sacramento, on or about the first day of September, 1912; that ever since said 28th day of June, 1912, defendant has in good faith intended to and still intends to have and fix, and she has fixed her home and habitation and residence in said city of Sacramento, county of Sacramento, state of California, where she in good faith intends to reside in the future.''

Counter-affidavits were filed by plaintiff as follows: Mrs. A. M. Smith deposed that her address is 1118 Twelfth Street, Sacramento, California. ''That she is personally acquainted with Florence Lucia Smilie, the defendant in the above entitled action; that the said defendant came to the residence of affiant on the 28th day of June, 1912, from her previous residence in Berkeley, Alameda County, California; that the said defendant remained in the house of affiant from the said 28th day of June, 1912, to the 30th day of June, 1912, and went to Lake Tahoe in the county of Placer, state of California, and that since said 30th day of June, 1912, the said defendant has not been at, nor has she returned to the residence of affiant. That said defendant took with her at the time she left on the said 30th day of June, 1912, all of her personal belongings and that she left no personal belongings, clothes, or other things at the residence of affiant (contrary to defendant's statement). That affiant believes that if the said defendant had returned to the city of Sacramento, she would have come to the residence of affiant and stayed there with her, for the reason that the sister and brother-in-law of said defendant have been living in the residence occupied by affiant for a period of several years last past. That during the time that the said defendant was with affiant as aforesaid, the said defendant made no reference of any kind or statement to the effect that she intended to take up her permanent

residence and place of abode in the city of Sacramento. That
the same defendant at such time told affiant that she was going
on through to Lake Tahoe. That affiant thereupon asked the
said defendant if her husband, plaintiff above named, was to
join her at Lake Tahoe, and the said defendant replied that
he was not coming just at present; and further affiant saith
not.''

Plaintiff made affidavit, on August 20, 1912, as follows:
''That he is the plaintiff in the above entitled action; that on
the 29th day of February, 1912, at the time of the marriage
of affiant and defendant, defendant was a resident of the
state of Minnesota; that immediately thereafter, affiant and
defendant came to the county of Alameda, state of California,
to the home of affiant to reside; that defendant then and
there became a resident of said county of Alameda, and con-
tinued to be a resident thereof up to and including the time
of the commencement of this action, and was a resident thereof
on the 15th day of July, 1912, the day upon which this action
was commenced. That on the 28th day of June, 1912, de-
fendant left the home of affiant without the consent of affiant,
and against his will and through no fault or misconduct of
affiant; that when defendant left the home of affiant, she took
with her certain of her personal effects, and left certain other
of her personal effects at the home of affiant; that about the
said time, defendant's mother, in the presence and hearing
of defendant, said to plaintiff, in substance: 'Can we leave
these boxes here until we decide what we are going to do, or
where we are going to locate, and when we notify you, will
you send them to us?' That defendant then and there made
no comment; that neither defendant nor her mother has ever
notified affiant where to send said boxes. Affiant is informed
and believes, and therefore alleges that when defendant left
his home, she went to the city of Sacramento, in said state
of California, remained at a boarding house in said city of
Sacramento for about one day and went immediately from
there to Lake Tahoe, in the county of Placer, state of Cali-
fornia; that ever since said time, defendant has continuously
remained in and about said Lake Tahoe; that she was at Lake
Tahoe at the time of the commencement of this action, and
was there at the time of the making of her affidavit, on this
motion for change of venue. That on the 15th day of July,

1912, defendant wrote a letter to affiant from Lake Tahoe in which she stated that she would return to Sacramento about the month of September, and would then and there be willing to see affiant and discuss their affairs.    That at all of the times herein mentioned, affiant has been and now is a resident of the county of Alameda, state of California; that at all times from the arrival of affiant and defendant in the county of Alameda, state of California, up to and including the 15th day of July, 1912, defendant was domiciled in the county of Alameda, state of California, which was during all of said time the residence of affiant, her husband."

Pursuant to the motion and upon the foregoing affidavits the hearing was had and the motion was, on August 23, 1912, denied.    Defendant appeals from the order.

"In the consideration of an appeal from an order made upon affidavits, involving the decision of a question of fact, this court is bound by the same rule that controls it where oral testimony is presented for review.    If there is any conflict in the affidavits, those in favor of the prevailing party must be taken as true, and the facts stated therein must be considered as established."    (*Doak* v. *Bruson,* 152 Cal. 17, 19, [91 Pac. 1001], and cases there cited.)    The court states a still further rule, important to be observed in controversies of the present character, namely: "And as error is not presumed, and all intendments are in favor of the action of the lower court, it follows that the affidavits in behalf of the successful party are deemed to establish not only the facts directly stated therein, but also all facts which may reasonably be inferred or presumed from the direct and positive statements."    (See, also, *Bradley* v. *Davis,* 156 Cal. 267, 268, [104 Pac. 302].)    The Political Code, section 52, prescribes certain rules which are to be observed in determining the place of residence of a person, to wit: There can be only one residence and it cannot be lost until another is gained; that the residence of the husband is the residence of the wife and that the residence can be changed only by the union of act and intent.    Intention to change one's domicile is ineffectual unless accompanied by an actual change in the place of abode.    There must be, as the statute declares, a concurrence of act and intent.    (*Sheehan* v. *Scott,* 145 Cal. 684, [79 Pac. 350].)

On the 28th day of June, 1912, defendant resided with her husband in Alameda County and on that day, as plaintiff deposes, she left his home without his consent and against his will and through no misconduct of his, and, as defendant deposed, ''commenced to reside at 1118 Twelfth Street, in the city of Sacramento, where her sister and brother-in-law were residing at the residence of deponent Mrs. Smith.'' She remained there June 29th and departed on the 30th for Lake Tahoe, and, as Mrs. Smith deposed, taking with her ''all her personal belongings and that she left no personal belongings, clothes, or other things at the residence of affiant,'' and had not returned up to the date of Mrs. Smith's affidavit, August 21, 1912. Mrs. Smith also deposed that defendant while with her said nothing about any intention to take up her residence at Sacramento but ''that she was going on through to Lake Tahoe.'' Contrary to defendant's statement in her affidavit, plaintiff deposed that when she left his house ''she took with her certain of her personal effects, and left certain other of her personal effects at the home of affiant''; that defendant was present and made no comment when her mother made the following request of plaintiff: ''Can we leave these boxes here until we decide what we are going to do, or where we are going to locate, and when we notify you, will you send them to us?'' and that neither defendant nor her mother ''has ever notified affiant where to send said boxes''; that, on July 15, 1912, the day the complaint was filed, and, of course, before she had any knowledge of it, ''defendant wrote a letter to affiant from Lake Tahoe in which she stated that she would return to, Sacramento about the month of September, and would then and there be willing to see affiant and discuss their affairs.''

*In re Donovan,* 104 Cal. 623, [38 Pac. 456], was a case where the person concerned testified that ''he came to California to live'' and it was claimed that the court was bound by the direct evidence of the witness. Referring to section 52 of the Political Code, the court said: ''He had been in this state but three days, and nothing could be inferred from his presence for so short a time as to his intention in coming, and it was for the court to determine from the whole of his testimony what his intention was.''

''Residence indicates permanency of occupation as distinct from lodging or boarding or temporary occupation. If a per-

son actually 'lives' in a certain place with the intention of remaining there indefinitely that place must be said to be his residence. In other words, the abiding is *animo manendi* when residence is acquired." (*Marston* v. *Watson,* 20 Cal. App. 465, 468, [129 Pac. 611, 612].)

So far as defendant's acts show what her intention was with reference to establishing a residence, we think the trial court found sufficient in the affidavits to justify an inference that Sacramento had not become her abiding place and that as to the acts indicating her intention there was sufficient conflict to bring the decision of the lower court within the rule above stated.

The order is affirmed.

Hart, J., and Burnett, J., concurred.