L. B. PEEPLES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 43312, 60232.   Promulgated March 7, 1933.

*George G. Witter, Esq.,* and *M. F. Mitchell, Esq.,* for the petitioner.

*Nathan Gammon, Esq.,* for the respondent.

## OPINION.

SEAWELL: The Commissioner has determined that the petitioner and his wife during the years here under review were not legal residents of the State of Washington, but of the State of California, and accordingly they should not have filed income tax returns on the community property basis. The petitioner controverts the position of the Commissioner and rests his appeal solely upon the ground that he was a legal resident of Washington during said years. The

interests respectively of husband and wife in community property during the life of the husband are determined by the law of the domicile. In Washington the wife's interest is vested, whereas in California it was, for the years here involved, a mere expectancy—*Norman De Vaux*, 14 B. T. A. 205. Hence the materiality of the place of the petitioner's legal residence. What is meant by residence is sometimes difficult to define with accuracy. Under the Roman law it is said that a man's residence is the place where his family dwells, or which he makes the chief seat of his affairs. The words residence and domicile are often used synonymously, but domicile is the more inclusive word. Any temporary place of abode may be a residence, but a domicile is a place of abode fixed and permanent, or, at least, of indefinite duration. (See Standard Dictionary, word "domicile.") Time alone, however, does not necessarily mark the distinction, for a temporary residence may extend over months or even years, while a domicile may be established by the first moment of occupancy. *Mitchell* v. *United States*, 21 Wall. 350, 353; *Gilbert* v. *David*, 235 U. S. 561. The distinction is largely one of intention, but evidenced by conduct rather than by declarations of the party. In determining the question of temporary residence or domicile, "we are not limited to, or necessarily bound by, expressions of the party." *Rogers Hornsby*, 26 B. T. A. 591; *Corel* v. *Chicago, R. I. & P. Ry. Co.*, 123 Fed. 452. Perhaps the best definition of legal residence or domicile which can be used to clarify our difficulty here is that found in *Marston* v. *Watson*, 129 Pac. 611, 612: "The place where one remains when not called elsewhere for labor or other special or temporary purpose, and to which he returns in seasons of repose." The often quoted definition or description of Judge Story (Conflict of Laws, 7th Ed., sec. 46, p. 41) is to the same purport: "If a person has actually removed to another place, with an intention of remaining there for an indefinite time, and as a place of fixed present domicile, it is to be deemed his place of domicile, notwithstanding he may entertain a floating intention to return at some future period."

Legal residence as here involved and as mentioned in the applicable statutes (Revenue Acts of 1921 and 1924, sec. 227 (b), and in Treasury Regulations 65, art. 446), it is conceded, means domicile as contradistinguished from temporary residence. And where one lives is deemed to be his domicile, nothing else appearing. In the often quoted opinion of the United States Supreme Court (*Ennis* v. *Smith*, 14 How. 400, 423), it is said: "When there is a removal, unless it can be shown or inferred from circumstances that it was for some particular purpose, expected to be only of a temporary nature, or in the exercise of some particular profession, office, or calling, it does

change the domicil * * * the place of residence is prima facie the domicil."

There is no contention that when the petitioner left Portland and went to Seattle to live, his domicile in Oregon ceased and that a new domicile at once began in Washington. It required no declaration of purpose to accomplish this result. There is no practical distinction, so far as the law of the case is concerned, between the removal from Portland and the removal from Seattle. At Seattle petitioner was an older man; he had accumulated property; he had a wife and daughter; he had a home and doubtless the circle of his friends had materially widened. It was this situation that called for the consultation with friends. Their advice was not sought about a temporary change of residence; it was as to the breaking up of ties of two decades of happy associations. The advice of his friends to accept and go agreed with the dictates of sound judgment and apparently with petitioner's own predilection. He wired his acceptance of the offer, placed his house with a friendly realtor for sale, resigned his membership in The Rainier Club, and other clubs, stating that he was thereafter making his " permanent " home in Los Angeles. The talk at the time about " trying out " the proposition did not change the fact that he was going to California to reside permanently, or, at least, for an indefinite time. Such talk and expression of a " floating intention " sometime possibly to return could not overcome the stronger and more definite actions and expressions of the petitioner. *Lee Rosenberg*, 10 B. T. A. 601, 613. Then too, if there was a " try out " of the proposition, the residence in California seems to have proven satisfactory. In 1926 he built and occupied a new home in Pasadena. In 1928, when promoted to the vice presidency of his company and placed in charge of all its west coast agencies, including Seattle, with privilege to reside, as he testified, wherever he desired, he never returned to his old home in Washington State, but continued to make his home in California.

We have not overlooked the contention of petitioner's counsel, and the authorities cited in support thereof, to the effect that in the State of Washington one does not lose his right to vote by absence from the state on business, provided he has not claimed or exercised the right elsewhere; and that, in analogy to a divorce proceeding brought by one an actual resident of the state against a spouse also actually residing there at the time complaint was filed, the burden of proof is upon the party denying the residence. These contentions seem to lack any forceful application here, and under all the attending facts and circumstances, we are impelled to the conclusion that in none of the years here under review was petitioner a resident of the State of Washington, and we so conclude and decide.

*Judgment will be entered for the respondent.*