[Civ. No. 10446. First Appellate District, Division One.—May 27, 1938.]

C. H. PARKER CO., INC. (a Corporation), Respondent, v. EXETER REFINING CO. (a Corporation), Appellant.

Neil G. McCarroll and Don S. Irwin for Appellant.

Ackerman, Wayland & Mathews for Respondent.

KNIGHT, J.—The defendant corporation appeals from an order denying its motion for a change of venue from the city and county of San Francisco to the county of Los Angeles.

The action is founded on the alleged breach of a contract.

The complaint contains two counts, the first for the recovery of damages on account of loss of prospective profits, and the second for the recovery of expenditures alleged to have been made by respondent in connection with the contract.

The respective parties are domestic corporations, and appellant's place of business is in Los Angeles. However, section 16 of article XII of the Constitution provides that a corporation ''may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases''. The motion was heard and determined on the allegations of the verified complaint and the affidavits and counter-affidavits of the respective parties; and under well settled rules, all conflicts must be resolved in favor of the prevailing party (*Lakeshore Cattle Co.* v. *Modoc Land & Livestock Co.*, 108 Cal. 261 [41 Pac. 472]; *Brown* v. *San Francisco Savings Union*, 122 Cal. 648 [55 Pac. 598]; *Gordon* v. *Perkins*, 203 Cal. 183 [263 Pac. 231]); and all reasonable inferences which are to be drawn must be in support of the trial court's order (*Marston* v. *Watson*, 20 Cal. App. 465 [129 Pac. 611]; *Bernou* v. *Bernou*, 15 Cal. App. 341 [114 Pac. 1000]). If, therefore, the facts upon which the present motion was heard and determined reasonably support the inference that the contract was made in San Francisco, the order denying the motion must be affirmed.

The terms of the contract are set forth fully in the complaint, and briefly stated the circumstances attending the making and the alleged breach thereof, as they appear from said complaint and said affidavits, are these: The appellant was engaged in the business of refining and selling petroleum products, including gasoline, and had its place of business in Los Angeles; and respondent's business was selling and distributing such products throughout the Pacific Northwest. Its place of business was in San Francisco. On July 17, 1935, Harry MacBain, vice-president of respondent company, conferred with appellant's president and vice-president in Los Angeles in an effort to arrange for the purchase of gasoline from appellant for sale and distribution in the northwest. MacBain was advised that a profitable gasoline deal could not be made, but that if respondent would undertake to de-

velop a market for appellant's other petroleum products, including diesel and fuel oil, appellant would supply respondent for a period of six months with these products and with gasoline. MacBain had no authority to make any agreement except for a supply of gasoline; hence he advised appellant's officers that he would return to San Francisco and lay appellant's plan before his board of directors. He did so, and on July 19, 1935, wrote appellant a letter, which respondent claims constituted a letter of acceptance, and which was mailed in San Francisco. In response thereto and on July 22, 1935, appellant wrote to respondent, stating: ''Your letter of July 19 certainly sounds like confirmation in principle of the impression which both you and we had several days ago that it would be possible for us to work out some satisfactory method of doing business.'' The letter then proceeded to restate the terms and conditions of the contract. Thereupon MacBain went into the northwest territory to develop the market as agreed, and in doing so expended considerable money. Thereafter and on numerous occasions appellant encouraged respondent to continue to develop the market, which it did, especially in diesel and fuel oil. On September 5, 1935, a conference was held in San Francisco between the officers of the respective parties wherein the president of appellant company reaffirmed the earlier agreement, and thereafter respondent continued to develop the market for appellant's products until September 23, 1935, at which time appellant notified respondent by telegram that it would not carry out the agreement.

It is well settled that a contract is made at the place where the letter of acceptance is mailed, such being the place where the last act necessary to the formation of the contract is performed (Civ. Code, sec. 1583; *Bank of Yolo* v. *Sperry Flour Co.*, 141 Cal. 314 [74 Pac. 855, 65 L. R. A. 90]; *Fitzhugh* v. *University Realty Co.*, 46 Cal. App. 198 [188 Pac. 1023]; *Gas Appliance Sales Co., Inc.,* v. *W. B. Bastian Mfg. Co.,* 87 Cal. App. 301 [262 Pac. 452]); and we are of the opinion that the trial court was justified in concluding that respondent's letter of July 19, 1935, constituted a valid acceptance. In part it was as follows: ''At a meeting held yesterday of those interested in the C. H. Parker Co. I presented, to the best of my ability, your situation regarding the disposal, at a better profit to you, of by-products other than gasoline

so that you might be able to supply our needs for gasoline. I am happy to report that C. H. Parker Co., Inc., is ready to spend the necessary time and money to dispose of your output of asphalt, diesel and fuel oil, as well as kerosene, and that I am leaving for the Northwest the early part of next week to stay on the ground to accomplish this end.''

It is appellant's contention that if any contract was made it came into existence either on July 17, 1935, in Los Angeles County at the time of the conference between MacBain and appellant's officers, or on July 22, 1935, in Los Angeles County by virtue of said letter, mailed in Los Angeles County by appellant to respondent, wherein the terms of the agreement were restated, and which appellant claims constituted an acceptance of the offer. After examining the entire correspondence, however, we are of the opinion that the trial court was justified in concluding to the contrary; and our decision on this issue makes it unnecessary to inquire into the other points urged for reversal. The order appealed from is affirmed.

Tyler, P. J., and Cashin, J., concurred.