GROENDYKE TRANSPORT, INC., and Truck Insurance Exchange, Petitioners,

v.

Frances L. GARDNER, Administratrix of the estate of James R. Gardner, Deceased, and the State Industrial Court, Respondents.

No. 38803.

Supreme Court of Oklahoma.

June 21, 1960.

Robert E. Shelton, Oklahoma City, for petitioners.

William W. Grigsby, McElroy & Vaughn, Chickasha, Mac Q. Williamson, Atty. Gen., for respondents.

IRWIN, Justice.

Frances L. Gardner as administratrix of the estate of James R. Gardner, deceased, hereinafter called claimant, in a proceeding under the Death Benefit Provisions of 85 O.S.1951 § 1 et seq., obtained an award in the maximum amount, $13,500, due to the death of her husband, James R. Gardner, employee of Groendyke Transport, Inc., hereinafter called Groendyke, and its insurance carrier, Truck Insurance Exchange. This proceeding is brought by them as petitioners to review the award.

The record discloses that the employee was a resident of Marlow, Oklahoma, and on the 13th day of August, 1958, in Pampa, Texas, was struck by a vehicle driven by an employee of Continental-Emsco Company. On September 2, 1958, the employee died as a result of the accident. It is admitted that his death arose out of and in the course of his employment with Groendyke. Subsequent to the death and prior to the filing of the claim herein claimant filed suit and obtained a settlement in Texas for $50,000, due to the death of her husband.

Petitioners first contend the contract of employment was made in Texas for work in Texas, and the Oklahoma Industrial Commission is without jurisdiction.

The record discloses that employee was a truck driver for C. O. Jolly of Rush Springs, Oklahoma, who operated a trucking business; that Groendyke, which operates in Oklahoma, Texas and Kansas, leased from Jolly his equipment, and requested him to employ drivers to drive his trucks; that Jolly contacted decedent and on July 14, 1958, employee went to Rush Springs and took a physical examination, and the contract of employment was made by Jolly for Groendyke and employee drove a truck belonging to Jolly to Enid, Oklahoma, for the purpose of taking the truck to Perryton, Texas, to transport crude oil for Groendyke; that employee started drawing wages from Groendyke when he started driving the truck at Rush Springs to go to Enid; that the truck was prepared and equipped at the place of business of Groendyke in

Enid for compliance with interstate commerce regulations. Employee then drove the truck to Perryton, Texas, and from there to the oil fields in the Panhandle of Texas and Oklahoma in the transportation of crude oil. One witness testified that most of the driving was in Texas but that most of the oil transported was obtained in Oklahoma. It is not disputed that employee was in the employ of Groendyke, from the time he left Enid and that he died from an accidental injury arising out of and in the course of his employment with Groendyke.

■ In C. & H. Transp. Co. v. Berkley, Okl., 341 P.2d 249, it is stated:

"Where the contract or arrangement of employment between the employer and employee was made is a question of fact, and if there is competent evidence reasonably tending to support the finding of the State Industrial Commission as to where such contract or arrangement was made, an award based thereon will not be disturbed on review."

■ In General Electric Co. v. Folson, Okl., 332 P.2d 950, 952, after reviewing the evidence it is stated:

"From the controlling parts of the above-described evidence, we think there can be no question but that, as a matter of fact and law, it was the intention of both Folsom and his employer that his contract of employment come into being in Oklahoma, and that is the State where it was entered into. In this connection, see Farmers Produce Co. v. McAlester Storage & Commission Co., 48 Okl. 488, 150 P. 483, L.R. A.1916A, 1297, and C. H. Parker Co. v. Exeter Ref. Co., 26 Cal.App.2d 610, 79 P.2d 1114. See also cases digested in 4 Okl. Dig., 'Contracts', ■■■ As said in Consolidated Fuel v. Gunn, 89 Okl. 73, 213 P. 750, 751 (quoted in Clem Oil Co. v. Oliver, 106 Okl. 22, 232 P. 942, 943):

" 'The general rule is that a contract is deemed to be made at the place where the final assent is given.' "

See, also, LeFlore County Gas & Electric Co. v. Sickmann, Okl., 348 P.2d 312.

■ We therefore hold that the contract of employment was made in Oklahoma and the State Industrial Commission had jurisdiction.

■ In connection with this proposition petitioners contend it was necessary that the State Industrial Court make a specific finding to the effect that the contract was made in Oklahoma before the award can be sustained. We cannot sustain this proposition as the contract of employment was made in Oklahoma and a general finding as made by the State Industrial Court is sufficient.

■ Petitioners next argue that the claimant having pursued her claim at law against Continental-Emsco Company in the Courts of Texas, and having reduced this claim to a settlement judgment, this was an adjudication of her claim against Groendyke under the Texas law and she is thereby bound by the Texas laws. In support of this contention petitioners cite Art. 8307, Sec. 6a, Title 130 Revised Civil Statutes of Texas, Vernon's Ann.Civ.St. art. 8307, § 6a, which is as follows:

"Where the injury for which compensation is payable under this law was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, the employé may at his option proceed either at law against that person to recover damages or against the association for compensation under this law, but not against both, and if he elects to proceed at law against the person other than the subscriber, then he shall not be entitled to compensation under this law. If compensation be claimed under this law by the injured employé or his legal beneficiaries, then the association shall be subrogated to the rights of the injured employé in so far as may be necessary and may enforce in the name of the injured employé or of his legal beneficiaries or in its own name

and for the joint use and benefit of said employé or beneficiaries and the association the liability of said other person, and in case the association recovers a sum greater than that paid or assumed by the association to the employé or his legal beneficiaries, together with a reasonable cost of enforcing such liability, which shall be determined by the court trying the case, then out of the sum so recovered the association shall reimburse itself and pay said cost and the excess so recovered shall be paid to the injured employé or his beneficiaries. The association shall not have the right to adjust or compromise such liability against such third person without notice to the injured employé or his beneficiaries and the approval of the board, upon a hearing thereof."

and takes the further position that under the provision of 85 O.S.Supp.1955, § 4, she having elected to proceed in an action at law against a third party in the State of Texas, she is precluded from any action under the laws of the State of Oklahoma. The portion of the statute relied upon by petitioners is as follows:

"Such right of election shall, however, not preclude the injured employee from recovering any benefits or compensation provided under any law of the State where injury occurred, and if such action be so commenced in such other state, or under the law of another state, and is prosecuted to final determination, such employee shall thereupon be precluded from his right of action under the laws of this State."

The petitioner contends this one sentence is determinative of the entire section and the entire section should be construed to follow this one excerpt. But in construing the entire section, and especially the two sentences preceding, it is apparent the excerpt relied upon refers only to claims under the compensation laws and has no relationship to actions at law for damages caused by third persons. In construing a statute, the courts of this state are required to consider all parts of the act together and not an isolated word, phrase, sentence or paragraph and consider such to the exclusion of the remaining parts of the act. Words, phrases and sentences of a statute are to be understood as used, not in any abstract sense, but with regard to the context and that sense which best harmonizes with all other parts of the statute. Haines v. State, Okl.Cr., 275 P.2d 347. When the sentence relied upon by the petitioners is considered in connection with the remainder of the section, it is readily apparent it refers only to claims under the compensation laws and has no relationship whatsoever to the general laws with reference to negligence actions against third parties.

We have heretofore held the provisions of Section 4, supra, providing for awards extra-territorially applies to awards for death benefits, as well as for injuries. See Quigley v. State Industrial Commission, Okl., 298 P.2d 415. And in the case of Updike Advertising System, Inc. v. State Industrial Commission, Okl., 282 P.2d 759, 761, we upheld the right of the surviving widow and dependent children to maintain an action for death benefits under the Workmen's Compensation Act after recovering a judgment against a third person for negligence resulting in the death of the husband and father. In that case we held:

"* * * The right of subrogation against a third-party tort-feasor never existed in favor of an employer or insurance carrier. Specific provision therefor would have to be made by the Legislature for same to exist. There is no such provision."

and in the body of the opinion we said:

"There is no inhibition at common law or otherwise against the recovery of a death benefit on the basis here provided and a recovery for wrongful death. It is not a double recovery because there are two causes of action, based on entirely different grounds."

The recovery in the damage action in the Texas Courts against the third party tortfeasor for the wrongful death of Gardner did not and could not deprive the claimants of the second action provided for by the statutes of Oklahoma, under the Workmen's Compensation Act.

 It is the cardinal rule that the state of employment situs has an absolute right to make its own compensation remedies available entirely without regard to any award in the state of injury except to credit the amount paid under the first award. Bowers v. American Bridge Co., 43 N.J.Super. 48, 127 A.2d 580. In Personius v. Asbury Transp. Co. of Oregon, Inc., 152 Or. 286, 53 P.2d 1065, an employee was injured in Idaho and received a full award in that state. Under the laws of Idaho he could not recover more at law or under the Workmen's Compensation Law. He then brought suit against the third party causing the injury in Oregon. In sustaining employee's right to maintain the action in Oregon the holding is disclosed by the headnote that read as follows:

"Full-faith and credit clause of Federal Constitution does not deny state right to apply in its own courts state statute lawfully enacted in pursuance of domestic policy. (Const. Art. 4 § 1)."

See, also, annotations in 59 A.L.R. 738, 82 A.L.R. 718; 90 A.L.R. 119 and Blue Book annotations to the later citation.

Our Legislature has provided that awards shall be made exclusive of the right of subrogation. Updike Advertising System, Inc. v. State Industrial Commission, supra. This is a public domestic policy which the state has the right to enforce through the State Industrial Court and it did not err in failing to recognize the recovery in Texas.

Finally petitioners suggest that we overrule Quigley v. State Industrial Commission, and Updike Advertising System, Inc. v. State Industrial Commission, supra. This we decline to do.

Award sustained.

WILLIAMS, V. C. J., and JOHNSON, BLACKBIRD, JACKSON and BERRY, JJ., concur.

DAVISON, C. J., and WELCH, J., concur by reason of stare decisis.