Brown vs. Hudson.

CASE 21—PETITION—DECEMBER 17.

# Brown vs. Hudson.

APPEAL FROM GARRARD CIRCUIT COURT.

1. After the rendition of a judgment for the foreclosure of a lien upon land, and the appointment of a commissioner to sell the land, the defendant, owner of the land, before the commissioner's sale thereof, filed his petition alleging several grounds for a new trial, but did not obtain an injunction against the execution of the judgment, as provided for by section 584, Civil Code. *Held*—That, as the judgment was not enjoined, neither the plaintiff nor commissioner perpetrated any illegal act by proceeding to sell the land, and hence would not be responsible for any sacrifice of the land by reason of a proper and legal sale, as directed in the judgment.

2. As neither the plaintiff nor commissioner proceeded illegally to execute the judgment for the sale of the land, the defendant's only remedy was by proceedings to vacate the judgment and sale. The defendant having confirmed the judgment and sale by a compromise with the purchaser of the land, is without further remedy, and is not entitled to recover against the commissioner or plaintiff.—And especially was he not entitled to any damages, when, by his own acts, he contributed largely, if not entirely, to the sacrifice of his land.

R. M. & W. O. BRADLEY,                    For Appellant,
                    CITED—
13 *B. Mon.*; *Horine vs. Reynolds*.

DUNLAP,                                      For Appellee.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

Appellee having obtained a judgment in equity to nforce a lien upon lands of appellant for purchase price, appellant, at the succeeding term of the court, and before the sale was made by the commissioner, filed a petition alleging several grounds for a new trial, but

did not obtain an injunction against the execution of the judgment, as provided for by section 584, Civil Code.

The commissioner proceeded to advertise and sell the land subsequent to the filing of this petition for a new trial, and B. M. Burdett became the purchaser.

At this sale appellant notified the crowd, that if any rebel or secessionist bought his land, they would buy a law-suit, and this prevented persons who wanted the land from bidding. Subsequently, appellant brought suit against the appellee and the commissioner to recover damages for sacrificing his land.

Before the trial of this action he compromised with the purchaser, by which, in consideration of some six hundred dollars paid to him more than the price bid at the sale, he and his wife conveyed by deed the land to the purchaser, and dismissed his petition for a new trial.

Having obtained no injunction as to the execution of the judgment, the filing a petition for a new trial at a subsequent term did not operate as a suspension of the judgment; therefore, neither the plaintiff nor commissioner perpetrated any illegal act by proceeding as therein directed to execute the judgment, and hence would not be responsible for any sacrifice of the land by reason of a proper and legal execution of it.

Appellant was not, therefore, entitled to damages, even if his own conduct had not contributed to a sacrifice; but especially was he not entitled to any when, by his own acts, he contributed largely, if not entirely, to that sacrifice.

As neither the plaintiff nor commissioner proceeded illegally to execute the judgment, appellant's sole remedy was by proceeding to vacate the judgment and sale, and having confirmed them by his compromise with the purchaser, he is without further remedy.

Wherefore, the judgment is affirmed.