Case 75.—APPLICATION OF BIRDIE BUCKNER FOR LETTERS OF ADMINISTRATION ON THE ESTATE OF HER DECEASED FATHER, ALEX. BUCKNER.—May 31.

## Buckner's Adm'r v. Buckner.

Appeal from Marion Circuit Court.

CHARLES PATTERSON, Circuit Judge.

From the judgment of the circuit court reversing the order of the county court, appealed. Affirmed.

Presonal Representative—Who Entitled to Qualify—Discretion of Court—Legitimacy of Child—Presumptions.

1. Personal Representative—Who Entitled to Qualify—Discretion of Court—Under sec. 3896, Ky. Stats., providing that "the court having jurisdiction shall grant administration to the

relatives of the deceased, who apply for same, preferring the surviving husband or wife, and then such others as are next entitled to distribution, or one or more of them whom the court shall adjudge will best manage the estate," the first in rank as distributee is entitled as a matter of right to administer upon the decedent's estate, provided such distributee possesses otherwise legal qualifications to act. Where, however, there is but one distributee this discretion can not exist if the distributee makes application before the second county court from the death of the intestate.

2. Legitimacy of Child—Presumptions—Where it is shown by the evidence that a child was born to the wife after her marriage to her husband, and during their wedlock and within the usual period of gestation, the law's conclusive presumption is that the offspring is legitimate.

W. S. PRYOR and H. P. COOPER for appellants.

Sec. 3896, Ky Stats., in establishing the precedence to the right of administration, provides: "The court having jurisdiction shall grant administration to the relations of the deceased who apply for the same, preferring the surviving husband or wife, and then such others as are next entitled to distribution." * * * But we do not understand that this provision of the statute is so mandatory in its character as to compel the county court, after hearing all the facts, to appoint one to such an important position who, he is satisfied, is unfit to manage or control the estate. And even if that construction should be given the section in question by this court, still there is no doubt but what Birdie had the right to waive the qualification as administratrix in favor of her grandmother and Rice. This she seems to have done, according to the proof in this case, without any inducement from any of the parties who are now seeking to have the judgment of the circuit court reversed. Smith, the witness who was present when she signed these papers, is a man of most excellent character—in fact, his character has not been brought in question. The mother of Birdie, who was present at the time, makes no statement contradicting what Smith has said about it; and it is apparent from all the facts not only that Birdie is unfit to act as personal representative, but that she voluntarily, and of her own accord, relinquished her right to administer in favor of her grandmother.

W. C. McCHORD, B. D. WARFIELD and LAFE S. PENCE for appellee.

POINTS AND CITATIONS.

1. A county court has no authority to appoint a person not a distributee of an intestate's estate until the second term of the county court after the intestate's death, and the statute on this subject is mandatory, and any such appointment before the second county court is void. (Ky. Stats., secs. 3896 and 3897; Underwood v. Underwood, 111 Ky., 966.)

2. A void judgment may be attacked collaterally. (Freeman on Judgments, 116, 117, 120, 121.)

3. A child born in lawful wedlock is presumed to be legitimate. The fact that the birth occurred during lawful wedlock being proven, establishes a prima facie case of legitimacy, and shifts the burden of proof on those seeking to establish the contrary. To bastardize the issue of a married woman the proof must be such as to establish the fact of illegitimacy beyond a reasonable doubt. (McKelvy on Evidence, sec. 41; Jones on Evidence, sec. 92; Strode v. McGivens' Heirs, 2 Bush, 621; Danelli v. Danelli's Adm'r, 4 Bush, 60; Goss v. Froman, 89 Ky., 631; Sergent v. North Cumberland Co., 23 Ky. Law Rep., 2226; Lewis v. Sizemore, 78 Ky., 122, 25 Ky. Law Rep., 1356.)

OPINION BY JUDGE O'REAR—Affirming.

Alex. Buckner, a resident of Marion county, died intestate in June. Within a few days after his death, and before another term of the Marion County Court, application was made to the county court for letters of administration upon his estate. Appellee, Birdie Buckner, applied, claiming to be his only child and heir at law. Lucinda Buckner, the mother of the decedent, waived by a writing her right to be appointed, and application was made on behalf of Frank Rice, at the instance of a creditor of the decedent. Birdie Buckner's right to qualify was resisted by Lucinda Buckner and Frank Rice, on the ground that she was not Alex. Buckner's daughter, but that she was a bastard child of Alex. Buckner's divorced wife. The county court rejected Birdie Buckner's claim to administer, and appointed Lucinda Buckner and Frank Rice as administrators. Birdie Buckner appealed

to the circuit court, where, upon the evidence, it was decided that she was the legitimate child of Alex. Buckner, and was consequently entitled to administer upon his estate. From the last-named judgment Lucinda Buckner and Frank Rice prosecute this appeal.

Without detailing the evidence, we deem it sufficient to say on the question of fact that we are convinced that Birdie Buckner was born to Alex. Buckner's wife after their marriage, and during their wedlock, and within the usual period of gestation, after he had had opportunity to have begotten her. In that state of case the law's conclusive presumption is that the offspring is legitimate.

Under the statutes of descent and distribution, there being no widow, the only child of the decedent became his sole distributee. By sec. 3896, Ky. Stats., 1903, it is provided: "The court having jurisdiction shall grant administration to the relations of the deceased who apply for the same, preferring the surviving husband or wife, and then such others as are next entitled to distribution, or one or more of them whom the court shall adjudge will best manage the estate." Under this statute the relation first in rank as distributee is entitled as a matter of right to administer upon the decedent's estate, provided such distributee possesses otherwise legal qualifications to act, as, for example, is a person who is a resident of the Commonwealth, and of contractual age and capacity. By the succeeding section, if no such person apply for administration at the second county court from the death of the intestate, the court may grant administration to a creditor, or to any person in the discretion of the court. The discretion vested by these sections is, first, to select from the distributees, where there are more than one of the same rank or degree of relation, such

one or more as the court shall judge will best manage the estate. Where, however, there is but one distributee, this discretion can not exist if the distributee makes application before the second county court from the death of the intestate. After that time the court may, in its discretion, grant letters of administration to any other person. Appellee having shown a legal right to qualify as administratrix of her father's estate, and being the only person so entitled to qualify, the county court erred in refusing to appoint her.

Wherefore, the judgment of the circuit court is affirmed.

Petition by appellant for rehearing overruled.