Young's Adm'r v. Louisville & Nashville R. R. Co.

Case 61.—ACTION BY JOHN YOUNG'S ADMINISTRATOR AGAINST THE LOUISVILLE & NASHVILLE R. R. CO. FOR CAUSING THE DEATH OF PLAINTIFF'S INTESTATE.— November 17.

## Young's Adm'r v. Louisville & Nashville R. R. Co.

| 121 | 483 |
| 135 | 275 |
| 136 | 270 |

Appeal from Whitley Circuit Court.

M. L. JARVIS, Circuit Judge.

Judgment for defendant. Plaintiff appeals. Reversed.

1. Administrators of Nonresident Decedents—When Appointed— Action by—Wrongful Death—Jurisdiction of County Court— Ky. Stats. 1903, sec. 1057, gives the county court exclusive jurisdiction to appoint personal representatives. Sec. 3896 provides that the court having jurisdiction shall grant administration to the relatives of a decedent who apply therefor, preferring the surviving husband or wife, and then such others as are next entitled to distribution. Sec. 3897 provides that, if no such persons apply at the second county court from the death of an intestate, the court may, in its discretion, grant administration to a creditor or to any other person. Held—That where a nonresident intestate, having at the time no domicile in the State and no next of kin, distributee, or creditor residing therein, is killed in a county of the State by the negligence of any person or corporation, the county court may appoint an administrator at the first term of the court succeeding the death.
2. Same—Removal of Administrator After Second County Court— Under said sections (Ky. Stats. 1903, secs. 1057, 3896, 3897) the removal of the administrator after the second county court from decedent's death could be made only for cause, and decedent's mother, who was a nonresident and could not qualify herself, had no right to dictate to the court who should be appointed administrator in her stead.

T. Z. MORROW, W. R. HENRY and E. L. STEPHENS for appellant.

Concretely stated, our position is:

1. That the statute as to the appointment of personal representatives applies alone to persons who at death resided in this State, or to nonresidents who leave estates to be administered.

2. Under the general law the county courts of this State are powerless to appoint administrators for nonresident intestates, unless the jurisdictional fact—estate to be administered—appears affirmatively.

3. Sec. 6, Ky. Stats., applies to this case, and unless it does, the intestate's estate is without remedy in the courts of this Commonwealth, as under the admitted facts in it no appointment could be made under the general law. Sec. 6 is silent as to the time when an appointment can be made under it, and also as to who may be appointed. This would seem to leave the question to sound discretion of the various county courts, which would not be revoked unless flagrantly erroneous or manifestly injurious to the estate of decedent. Demurrer should have been sustained to the first paragraph of the answer; and if that not be true, the demurrer to the reply should have been overruled.

### AUTHORITIES CITED.

Ky. Stats., secs. 6, 3894, 3896; Brown's Adm'r v. L. & N. R. R. Co., 97 Ky., 229; Hall's Adm'r v. L. & N. R. R. Co., 102 Ky., 483-4; L. & N. R. R. Co. v. Schumaker, 21 Ky. Law Rep., 803; L. & N. R. R. Co. v. Brantley, 96 Ky., 308; Radford v. Radford, 5 Dana, 156; Turner v. L. & N. R. R. Co., 110 Ky., 879.

EDWARD W. HINES, B. D. WARFIELD and J. W. ALCORN for appellee.

### POINTS AND CITATIONS.

1. Statutes should be enforced as written, even though it may work a hardship to do so; and there can be no reason whatever for not following the language of a statute where the ends of justice are served by adhering to the letter. (Endlich on Interpretation of Statutes, secs. 6, 7; 2 Lewis' Sutherland Statutory Construction, secs. 490, 581.)

2. A nonresident distributee may be appointed as administrator where there is no distributee residing in Kentucky, and, therefore, the fact that the sole distributee was a nonresident did not authorize the appointment of a stranger at the first term of the county court after the intestate's death. (Radford v. Radford, 5 Dana, 156; Schouler on Executors, sec. 109; Ehlen v. Ehlen, Adm'r, 64 Md., 360; Ex parte Barker, 2 Leigh, 719; Libbey v. Mason, 112 N. Y., 525; Bridgman v. Bridgman, 30 W. Va., 212.)

The statute prohibiting "nonresident executors or administrators" from acting in this State except for the purpose of bringing actions to recover "debts" applies only to executors or administrators who have qualified in another State. (Marrett v. Babb's Ex'or, 91 Ky., 88.)

3. The only reasons which have ever been urged for not appointing a nonresident as administrator have no application to this case, as the only estate in Kentucky is the right of action for the intestate's death, of which the mother is the sole beneficiary, creditors having no interest therein. (Child v. Gratiot, 41 Ill., 359; Weaver v. Chase, 5 R. I., 356.)

4. Construing the statute in the light of the well-established practice of probate courts to give weight to the wishes of the distributees in granting letters of administration it can not be assumed that it was not the intention of the legislature to postpone the right to appoint a stranger a sufficient length of time to give the distributees an opportunity to be heard, even though they might not desire or be competent to act. (Schouler on Executors, sec. 113; 1 Williams on Executors, p. 505; 18 Cyc., p. 91.) Special weight is given to a nomination made by nonresident distributees where there is no resident distributee. (Smith v. Munroe, 1 Iredell Law [N. C.], 345; Thompson v. Huckett, 2 Hill [S. C.], 347.)

5. Where important rights and interests are involved it will be presumed that it was the intention of the Legislature to give to persons interested an opportunity to be heard even though the statute makes no provision therefor, and the mere fact that the persons interested can not dictate what the action of the court shall be, furnishes no reason for presuming that there was no intention to give them a hearing. (Stewart v. Taylor, 111 Ky., 247.)

6. The county court had power at its second term to revoke the letters of administration irregularly granted at the first term. (Schouler on Executors, sec. 152; 18 Cyc., p. 152; Hawkins v. Robinson, 3 Mon., 143; Renfro v. Trent, 1 J. J. Mar., 604; Curtis v. Williams, 33 Ala., 570; Mullanphy v. St. Louis County Court, 6 Mo., 563; Skelly v. Veerkamp, 30 Mo. Appeal, 49; Morgan v. Dodge, 44 N. H., 255; Muirhead v. Muirhead, 6 Sm. & M., 451; Raborg v. Hammond, 2 Harris & Gill [Md.], 42; McCabe v. Lewis, 76 Mo., 296.)

7. It is immaterial that the mother, upon whose motion the letters of administration irregularly granted were revoked, could not herself receive letters of administration because she was a nonresident, as she was interested in the estate, and was, in fact, the only person interested. (Neidig's Estate [Penn.], 38

Atlantic, 1033; Gasque v. Moody, 12 Sm. & M. [Miss.], 153; County Court of Mecklenburg v. Bissell, 2 Jones' Law [N. C.], 387; Underwood v. Underwood's Adm'r, 111 Ky., 968.)

8. Even though there was no irregularity in granting administration to a stranger at the first term after the intestate's death there seems to be strong reason for saying that it was within the discretion of the county court to set aside, at its second term, the order of appointment made at the first term if it seemed to be to the interest of the mother, the sole beneficiary, to do so. (Thompson v. Huckett, 2 Hill [S. C.], 347.)

9. In any event, the order revoking appellant's appointment should be held to be valid until reversed or set aside. (Hart v. Bostwick, 14 Fla., 162.)

OPINION BY JUDGE NUNN—Reversing.

This action was instituted in the Whitley Circuit Court by the administrator of John Young against the appellee, in which damages were sought on account of the alleged negligence of the company in the killing of decedent in the county of Whitley. The petition alleged that the decedent was, at the time of his death, a nonresident of, and had no domicile in, the State of Kentucky. The appellee, in one paragraph of its answer, alleged that the administrator, in whose name the action was brought, was not the next of kin to the decedent, that the letters of administration were granted at the first term of the Whitley County Court subsequent to the death of decedent, that by reason thereof his appointment was void, that he was not, at the time of the institution of this suit, the administrator of deceased, and that he had no authority to institute the same. To this portion of defendants answer appellant interposed a demurrer, which was overruled by the court, and appellant excepted. Appellant filed his reply, in which he incorporated the following: "The plaintiff, for reply to the second paragraph of defendant's answer, says that at the time of the death of his intestate said intestate was a nonresident of

the Commonwealth and had no domicile therein; that each and all of the next or any kin of intestate were nonresidents of this State; and that he had, at the time of his death and at the time of plaintiff's appointment as his administrator, neither wife, widow, nor kin of any degree of affinity or consanguinity, nor distributee nor creditor, residing in this Commonwealth or domiciled therein, at either of the times aforesaid. He avers that his appointment as administrator was made by the presiding judge of the Whitley County Court for the purpose of instituting and prosecuting this action for the benefit of the estate of intestate." To this reply appellee filed a demurrer, which was sustained by the court, and, the appellant declining to plead further, his action was dismissed, and the case is before this court for review.

The single question presented for consideration on this appeal is whether the county court of this State, in which a nonresident intestate is killed in that county by the negligence of any person or corporation, when at the time intestate has no domicile in this Commonwealth and has no next of kin, distributee or creditor residing therein, can appoint an administrator at the first term of the court succeeding the death; or is the court without jurisdiction to appoint until after the second term has passed? By a demurrer to this reply, the appellee admitted that appellant's intestate was a nonresident, had no domicile in this State, had no next of kin in any degree, had no distributee in this State, and was not indebted to any citizen or resident of this Commonwealth, and that the appointment was made by the county court of the county in which the killing occurred for the sole purpose of bringing this action. The admission is to the effect that there was no person in esse in this State

that could have demanded an appointment as administrator.

There was no rejoinder to the effect that the intestate owned any estate in this State to be administered. It is well settled that a foreign administrator can not sue in such case, and that a nonresident of the State can not qualify as the personal representative in this State, and that prior to the adoption of sec. 241 of the present Constitution and the enactment of sec. 6 of the Ky. Stats. of 1903, thereunder a personal representative could not be appointed for a nonresident decedent, unless it affirmatively appeared to the court that such decedent left property in this State to be administered. (Radford v. Radford, 5 Dana, 156; L. & N. R. R. Co. v. Brantlay's Adm'r, 96 Ky., 308, 16 Ky. Law Rep., 691, 28 S. W., 477, 49 Am. St. Rep., 289; Brown's Adm'r v. L. & N. R. R. Co., 97 Ky., 229, 17 Ky. Law Rep., 145, 30 S. W., 639; Hall's Adm'r v. L. & N. R. R. Co., 102 Ky., 483, 19 Ky. Law Rep., 1529, 43 S. W., 698, 80 Am. St. Rep., 358, and the cases there cited.)

In the Brown and Hall cases supra, it was expressly decided that under the sections of the Constitution and statutes referred to the county court had the power to appoint a personal representative for a nonresident decedent whose death was caused by the wrongful act or negligence of any person or corporation, although the decedent left no property in the State to be administered. In these cases it was decided that, strictly speaking, such a claim was not a debt or demand belonging to or owned by the decedent at the time of his death; neither was it strictly personal estate of the decedent, but under the sections of the Constitution and statutes referred to a right of action was expressly given to an administrator, which

necessarily implied the right to have an administrator appointed by the local courts for the purpose alone of instituting an action to recover damages for the tort. Under these authorities the Whitley County Court undoubtedly had the right to appoint an administrator for the decedent.

The only question remaining to be determined is whether its appointment of the appellant was void for the reason that it appointed him before the second term of the county court after the death of the decedent. By sec. 1057, Ky. Stats. 1903, the county court is given exclusive jurisdiction to appoint personal representatives. By sec. 3896 it is provided the court having jurisdiction shall grant administration to the relations of the deceased who apply for the same, preferring the surviving husband or wife, and then such others as are next entitled to distribution. By sec. 3897 it is provided that, if no such persons apply for administration at the second county court from the death of an intestate, the court may grant administration to a creditor or to any other person in the discretion of the court. These last two sections were enacted for the purpose of giving the kin or creditors of the decedent the preference of appointment. This was the only purpose of these sections. It is conceded in this case that the decedent had neither kin nor creditors residing in this State; hence there could be no application of these sections to the case at bar. The only necessity for waiting for the arrival of the second term of the court is to afford an opportunity for the next of kin or creditors to apply for the appointment. When the reason for the rule does not exist, the rule ceases.

Appellee's counsel contends that the power to appoint any person as administrator at the first term

of the court after the death of the decedent depends upon the question as to whether or not the person to be appointed is a distributee of the estate of deceased; that the relationship is a jurisdictional fact, and without it the court had no jurisdiction to appoint any other than a distributee until after the second term of the county court after the death of the decedent. We can not agree to this proposition. Sec. 1057 of the statutes confers the jurisdiction upon the county court. The other sections referred to delay him in the exercise of that jurisdiction until after the second county court for the benefit of the relatives in case they see proper to apply. But when there are no relatives, as in this case, there can be no reason for the delay by the county court in the exercise of its jurisdiction.

Appellee contends that the case of Underwood v. Underwood's Adm'r, 111 Ky., 968, 23 Ky. Law Rep., 1287, 65 S. W., 130, is conclusive, and determines the case in its favor. That case is unlike this. It was between citizens of this State, and the application for the removal of the administrator was made by one who had such an interest as gave him standing in court. In addition to this the case is governed by sec. 3905, Ky. Stats. 1903, which prohibited a county court from placing the settlement of a decedent's estate in the hands of the public administrator before the expiration of three months from the death of the decedent. The public administrator is an official of the county, and he executes one bond for the faithful discharge of his duties, which is to secure all estates referred to him under the statutes. He has no power to receive and the court has no power to refer estates to him for settlement except in accordance with the provisions of sec. 3905 of the statutes.

The appellee in its answer alleged that the county

court had removed the appellant as administrator and appointed one A. J. Sullivan in his stead; that this was upon the motion of Mary Wherry, the mother of decedent, who resided in the State of North Carolina. The lower court, on motion of appellant, struck out this part of the answer. If one who had the preference under the statutes had appeared before the second county court after the death of the deceased and made application to be appointed as the administrator, and had been qualified to act as such administrator, then it was within the power of the court, and its duty, to have set aside the order appointing appellant and permitted that person to qualify. After the second county court from decedent's death the removal could have been made only for cause. Mary Wherry, being a nonresident of the State, could not qualify herself; and she had no right to dictate to the court who should be appointed administrator in her stead, although it is usual and proper to give due consideration to her wishes. (Triplett v. Wells, Litt. Sel. Cas., 49.)

For these reasons the judgment of the lower court is reversed, and the cause remanded, for further proceedings consistent herewith.