CASE 28.—APPLICATION BY THOMAS H. WATKINS FOR THE SETTING ASIDE OF AN ORDER APPOINTING H. I. FOX AS ADMINISTRATOR OF SARAH A. WATKINS, DECEASED, AND TO APPOINT HIM AS SUCH ADMINISTRATOR.—January 14, 1910.

## Watkins v. Watkins' Admr.

Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

SHACKELFORD MILLER, Judge.

Motion overruled and plaintiff appeals.—Reversed.

1. Executors and Administrators—Right to Appointment.—Ky. St. Sec. 3896 (Russell's St. Sec. 3919), provides that administration shall be granted to the relations of deceased, preferring the surviving husband or wife, and then such others as are next entitled to distribution. Section 3897 provides that, if no such person applies for administration, administration may be granted to any person in the court's discretion. Held, that where, on motion of a married daughter of a deceased widow, one designated by her was appointed administrator of the estate, and a son of decedent applied at the second county court from the death of decedent for appointment as administrator, it was error to refuse his application.
2. Executors and Administrators—Appointment—Proceedings.— Where a son of a decedent applied for appointment as administrator, affidavits filed by his sister and by the administra-

tor previously appointed, claiming that the appointment of
the son would be improper because of litigation which might
arise in which the interest of the applicant would probably
compel him to antagonize the interests of his sister, were in-
sufficient to preclude the applicant's appointment, the state-
ments in the affidavit being clearly conjectural, and it not
being presumed that his purpose was to obtain advantage
over his sister.

BOYCE WATKINS and L. A. HICKMAN for appellant.

PIRTLE & JONES for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Revers-
ing.

Sarah A. Watkins, widow of F. G. Watkins, de-
ceased, died in Jefferson county, October 11, 1907, in-
testate, leaving personal property in which she owned
a life estate of the value of $8,000. The property
seems to have been held in trust by the intestate's
son, the appellant, Thomas H. Watkins, and her son-
in-law, Dr. Henry W. Pirtle, trustees under the will
of F. G. Watkins. They were also executors of the
will.

F. G. and Sarah A. Watkins left but two children
surviving them, viz., the appellant, Thomas H. Wat-
kins, and Ivie W. Pirtle, wife of Henry W. Pirtle,
who are equal devisees under their father's will, and
since the death of their mother equally entitled to the
trust estate of which she was the beneficiary during
her widowhood, except the sum of $1,000 the will of
the father directed should be paid, at the death of the
widow, out of the trust estate to his grandson, F. G.
Watkins. Shortly after the death of Sarah A. Wat-
kins, the Jefferson county court, upon the motion of
Mrs. Ivie W. Pirtle and without notice to appellant,
appointed appellee, H. I. Fox administrator of her

estate, and he thereupon gave the required statutory bond and duly qualified as such fiduciary. On the 26th day of November, 1907, and before the second county court in Jefferson county from the death of the intestate, the appellant, Thomas H. Watkins, appeared in the court, and moved the court to set aside the order appointing the appellee, H. I. Fox, administrator of his mother's estate, and to appoint him (appellant) administrator thereof, at the time tendering the necessary statutory bond with good security required of an administrator and filing in support of the motions his own affidavit and that of L. C. Hickman. The object of his affidavit was to show his relationship to the intestate and consequent right under the statute to qualify as administrator; also, that his appointment as such would be beneficial to the estate and to his sister, Mrs. Pirtle. The purpose of Hickman's affidavit was to show appellant's excellent character, business capacity, and general fitness for the position, and that as administrator his interest would not be antagonistic to that of Mrs. Pirtle. On the other hand, in resistance of his removal and the appointment of appellant as administrator, appellee filed the affidavit of himself and Mrs. Ivie W. Pirtle, in each of which it was, in substance, claimed that appellant's appointment would be improper as in a suit then pending for a construction of F. G. Watkins' will and settlement of his estate brought by the executors, or in litigation that might in the future arise over the estate of Sarah A. Watkins, the interest of appellant in these estates and the performances of his duties as a fiduciary, would probably induce or compel him to antagonize the interest and rights of Mrs. Pirtle. Upon submission of the matter the county court overruled appellant's motion to set

aside the order appointing the appellee, Fox, administrator of Sarah A. Watkins' estate, and refused to appoint appellant in his stead. From the judgment manifesting these rulings an appeal was prosecuted by appellant to the circuit court, and, that court having rendered a like judgment, a second appeal brought the case to this court for review.

Ky. St. sec. 3896, provides: "The court having jurisdiction shall grant administration to the relations of the deceased who apply for the same, preferring the surviving husband or wife, and then such others as are next entitled to distribution, or one or more of them whom the court shall adjudge will best manage the estate." In Buckner's Adm'r v. Buckner, 120 Ky. 596, 87 S. W. 776, 27 Ky. Law Rep. 1032, this court, in passing upon the right of the daughter of an intestate to administer upon his estate, as against another who had been appointed administrator at the instance of a creditor following a waiver by the intestate's mother of her supposed right to qualify, said: "Under this statute the relation first in rank as distributee is entitled as a matter of right to administer upon the decedent's estate, provided such distributee possesses otherwise legal qualifications to act, as for example is a person who is a resident of the commonwealth, and of contractual age and capacity. By the succeeding section, if no such person apply for administration at the second county court from the death of the intestate, the court may grant administration to a creditor, or to any person in the discretion of the court. The discretion vested by these sections is, first, to select from the distributees, where there are more than one of the same rank or degree of relation, such one or more as the court shall judge will best manage the estate.

Where, however, there is but one distributee, this discretion can not exist if the distributee makes application before the second county court from the death of the intestate. After that time the court may, in its discretion, grant letters of administration to any other person. Appellee having shown a legal right to qualify as administratrix of her father's estate, and being the only person so entitled to qualify, the county court erred in refusing to appoint her.''

In view of the language of sections 3896, 3897, Ky. St., and the authoritative construction given those sections by the opinion, supra, it can not be doubted that an order appointing and qualifying a stranger as administrator before the second county court after the death of the intestate is voidable upon motion of a relative having precedence in appointment, provided the latter ''possesses otherwise legal qualifications to act.'' Young's Adm'r v. L. & N. R. R. Co. 121 Ky. 483, 89 S. W. 475, 28 Ky. Law Rep. 451; Spayd's Adm'r v. Brown, 102 S. W. 823, 31 Ky. Law Rep. 438.

As Mrs. Pirtle by reason of the disability of coverture was disqualified to act as administratrix of her mother's estate, appellant's right to qualify as administrator was a preferred one, and therefore superior to that of all others, unless he is incompetent or morally unfit to be intrusted with the management of the estate. Although, but for her coverture, Mrs. Pirtle would have had equally with appellant the right to administer her mother's estate, being thereby disqualified to do so, she was without power to nominate an administrator to the exclusion of appellant who was himself entitled, under the statute, to qualify. 18 Cyc. 91-2; Triplett v. Wells, Litt. Sel. Cas. 49. In Young's Adm'r v. L. & N. R. R. Co., su-

pra, the court in considering this question said: "Mary Wherry, being a nonresident of the state, could not qualify herself, and she had no right to dictate to the court who should be appointed administrator in her stead, although it is usual and proper to give consideration to her wishes." It is conceded that appellant is a man of intelligence, excellent character, and good business capacity, and neither of the affidavits filed in opposition to his appointment as administrator charges him with any disqualification given in section 3846, Ky. St. (Russell's St. sec. 3876), as a ground for the removal of a personal representative. The charge contained in appellee's affidavits that appellant should not be permitted to qualify as administrator of his mother's estate because of litigation then pending, or which may arise, in which his interest might become antagonistic to that of his sister, Mrs. Pirtle, seems to be without foundation in fact. The suit then pending for a construction of the will of F. G. Watkins and settlement of the accounts of the executors has since the filing of the affidavits been determined; the judgment of the circuit court and that of this court both confirming appellant's construction of the will. The record of that case contained nothing that manifested on the part of appellant or his co-executor any mismanagement of the estate with which they were intrusted by the will. Of course, we are unable to foresee what litigation, if any, may arise between appellant and his sister over their mother's estate, but certainly the affidavits of appellee and Mrs. Pirtle gave no tangible reasons for the fears therein expressed, that the appointment of appellant as administrator of his mother's estate would result in litigation, or that his

interest as administrator would be antagonistic to that of his sister.

The statements of the affidavits in question in this regard are based wholly upon conjecture. Manifestly appellant is competent to have the management of the estate of the intestate, and it is not to be presumed, in the absence of a reasonable showing to that effect, that it is his purpose in administering it to obtain some advantage of his sister, or involve the estate in needless litigation. As she is equally interested with him in the estate, the presumption should be indulged, in the absence of proof to the contrary, that his management of the estate will redound to her interest as well as his own. Moreover, it will be the duty of the county court in permitting the qualification to require of him a good and sufficient bond, and to see that it continues sufficient, and Mrs. Pirtle will be protected by this bond against loss or injury growing out of appellant's administration of the estate.

Being of the opinion that appellant was clearly entitled to be appointed and permitted to qualify as administrator of Sarah A. Watkins' estate, and that the county court and circuit court erred in refusing him that right, the judgment of the circuit court is reversed and the cause remanded to that court, that it may require the county court to grant appellant letters of administration as prayed.