## Moran v. Moran's Administrator, et al.

(Decided November 22, 1916.)

### Appeal from Mason Circuit Court.

1. **Executors and Administrators—Appointment and Qualification.—** Under sections 3896 and 3897, Kentucky Statutes, the county court must appoint a relative of the intestate, administrator of his

estate, in preference to a stranger or a creditor, if a relative, who is a distributee of the estate and competent and qualified for the trust, makes application for the appointment at or before the second county court after the death of the intestate.

2. Executors and Administrators—Appointment and Qualification.— Under sections 3896 and 3897, Kentucky Statutes, the appointment of a stranger or creditor as administrator of the estate of an intestate, before the second county court after the death of the intestate, is erroneous, if there is a relative of the intestate, who is a distributee and who resides in the state, and is competent and qualified for the trust.

3. Executors and Administrators—Appointment and Qualification— Revocation.—Where a stranger or creditor has been appointed administrator of the estate of an intestate before the second county court after the death of the intestate, and before or at said county court, a relative of the intestate, who is a distributee of the estate, and is legally qualified and competent to discharge the trust, applies for letters of administration, it is the duty of the court to revoke the appointment of the stranger or creditor and to appoint the relative in his stead.

4. Executors and Administrators—Appointment and Qualification.— When relatives of an intestate, who are distributees, sign and file a request for the appointment of another as administrator of the decedent, they thereby decline to apply for administration themselves, and have not power to nominate an administrator, to the exclusion of a relative and distributee, who is legally qualified and competent for the trust, and who makes application for the appointment.

CHARLES A. DALY for appellant.

SLATTERY & REES for appellees.

OPINION OF THE COURT BY JUDGE HURT—Reversing.

On July 17th, 1915, Elisha Moran, who was domiciled in Mason county, Kentucky, died, intestate. His father and mother, both, had died, previous to him and he left no descendants surviving him. His only heirs at law were his brother, who is the appellant, W. L. Moran; Jennie Bush, a sister; Earl Moran, Everett Moran, Bruce Moran, Charles Moran, Harry Moran, Sudie Moran; Sally Moran and Bessie Moran, the children of a deceased brother, Darius Moran; Stella Downing, Cornelia Mackoy and Maud Osborne, the children of a deceased sister, Bettie Moran Downing; Bertha Ferris, only child of a deceased brother, Benjamin Moran; and J. R. Moran, W. T. Moran, Elisha Moran, Cornelia Gardener, Julia Henry and J. T. Moran, the children of a deceased

brother, Robert Moran. The appellant, W. L. Moran, the only brother of deceased, who was alive, resided in Mason county. Earl, Everett, Bruce, Charles, Harry, Sudie, Sally and Bessie Moran, Stella Downing, Cornelia Mackoy and Maud Osborne all resided in Mason county. Jennie Bush resides in Boyd county. Bertha Ferris resides in Ohio; while J. R., W. T. and Elisha Moran, Cornelia Gardener, Julia Henry and J. T. Moran reside in Oklahoma. Sally Moran and Bessie Moran are infants. Cornelia Mackoy and Maud Osborne and Jennie Bush are married women. Bertha Ferris, Cornelia Gardener and Julia Henry are all married women and are non-residents of this state. J. R. Moran, W. T. Moran, Elisha Moran and J. T. Moran are, also, non-residents of this state. Thus, it will be seen that W. L. Moran, Earl Moran, Everett Moran, Bruce Moran, Charles Moran, Harry Moran, Sudie Moran and Stella Downing were the only ones of the heirs of decedent, Elisha Moran, who had the legal qualifications necessary to permit them to act as administrators of his estate.

On July 31st, the appellant, W. L. Moran, filed a formal application before the judge of the Mason county court to be appointed administrator of the decedent, and accompanied his application with an offer of sureties sufficient to make his bond, and, also, certain affidavits, by which were proven his legal qualifications for the office. None of the other heirs of decedent applied for letters of administration upon his estate, but upon the same day filed with the county court a written request, which was signed by all of those who were residents of Kentucky and by Bertha Ferris, who was a resident of Ohio, in which they requested the court to appoint the appellee, W. H. Rees, administrator of the estate. The court overruled the motion of appellant to be appointed administrator and over the objection of the appellant appointed the appellee, W. H. Rees, who immediately qualified as such. Thereafter on Monday, the second day of August, which was the first day of the regular term of the county court for that month, the appellant appeared in the county court and again moved the court to appoint him administrator of the estate and at the same time presented his bondsmen and affidavits showing his qualifications, and, also, moved the court to set aside the appointment of appellee. These motions were overruled and from the order of the court made on the

31st day of July, which appointed the appellee administrator of the decedent and refused the appointment of the appellant, and, also, from the order of the court made on the 2nd day of August overruling the motion of appellant to set aside the order appointing Rees administrator and to appoint appellant administrator of the estate, the appellant appealed to the circuit court. The case was heard in the circuit court and that court affirmed the judgment of the county court and dismissed the appeal of the appellant, and from this judgment an appeal was taken to this court.

The contention of appellant is, that he is the nearest of kin among the distributees of the decedent and possessed the legal qualifications to perform the duties of administrator of his estate, and that under the statute was entitled to be appointed as such, and that the courts, both circuit and county court, were in error in refusing his appointment. Upon the other hand, the appellee contends that the county court has a discretion to appoint either a distributee or a stranger, and that the appellant was not morally nor physically suitable or qualified to perform the duties of the office, and that he was furthermore disqualified on account of antipathy upon his part toward the other heirs of the decedent. Evidence was taken by both appellant and appellee by way of depositions, without objection as to the manner of making the proof. The appellant filed in the circuit court written exceptions to the depositions taken by the appellee, and to various questions and answers propounded to the different witnesses, but he failed to have the exceptions passed upon by the circuit court and hence upon appeal it must be considered that he waived the exceptions in the court, below, and the court having made no decision in regard to the exceptions and no exceptions being taken, therefore, to the decision of the court, the legality of the depositions and their contents are not now questions upon this appeal.

The statutes which control the appointment of administrators are Sections 3896 and 3897, Ky. Statutes. The first of the sections mentioned is as follows:

"The court having jurisdiction shall grant administration to the relations of the deceased who apply for the same, preferring the surviving husband or wife, and then such others as are next entitled to distribution, or

one or more of them who the court shall judge will best manage the estate.''

The other section mentioned is as follows:

''If no such person apply for administration at the second county court from the death of an intestate, the court may grant administration to a creditor, or to any other person in the discretion of the court. . . . .''

The only kinsman of decedent, who was a distributee and who applied for letters of administration upon his estate, was the appellant. It will be observed that the statute limits the power of appointment by the court of a distributee, as an administrator of a decedent, to such of the distributees as may apply for such appointment. If there is no surviving husband or wife, the court must appoint an administrator for the estate of decedent from among the ones, who are next entitled to distribution, after the surviving husband or wife, and who may apply to the court for appointment. If more than one of those next entitled to distribution after the husband or wife apply, then the court shall appoint one or more of them, who the court shall adjudge will best manage the estate. Hence, if only one of the class next entitled to distribution shall apply, then the court must appoint him, if he is competent and qualified to act as an administrator. In Buckner's Admr. v. Buckner, 120 Ky. 596, the court said in construing the statute, *supra*:

''Under this statute the relation first in rank as distributee is entitled as a matter of right to administer upon the decedent's estate, provided such distributee possesses otherwise legal qualifications to act, as for example, is a person who is a resident of the Commonwealth and of contractual age and capacity.''

Under the provisions of Section 3897, *supra,* the county court is not authorized to appoint any person, other than a relation of the deceased, entitled to have a distributable share of the estate, until the second county court after the death of the intestate, if there is a relative of the deceased and who is a distributee and who resides in the state and who is competent and qualified to act in that capacity. In Spayd's Admr. v. Brown, etc., 31 R. 438, it was held, that under Section 3896, *supra,* that if any relatives of decedent, who are residents of this state, apply in proper time for appointment as administrator, it is the duty of the county court to appoint one of them who is qualified to act in such capacity, in

preference to a stranger; and if such relative applies by the time of the second county court after the death of the decedent, it is the duty of the county court to set aside the appointment of a stranger or creditor, which has been previously made, and appoint in his stead the relative, who shows himself competent and qualified to act. The same was held in Watkins, etc. v. Watkins' Admr., 136 Ky. 266. In construing the statutes, *supra*, it has been repeatedly and consistently held by this court, that the appointment of a stranger or creditor as administrator of a decedent before the second county court after his death, where there is a relative of the decedent, who resides in this state, and is a distributee of the estate of decedent, and who is competent and has the legal qualifications to act as an administrator, is erroneous. Young's Admr. v. L. & N. R. R. Co., 121 Ky. 483; Phillips v. Hundley, 135 Ky. 276; Cunningham v. Clay, 112 S. W. 852; McFarland v. L. & N. R. R. Co., 113 S. W. 82; Thompson v. Archie's Admr., 158 Ky. 590; Hilton, etc., v. Hilton's Admr., 33 R. 276. The appointment of a stranger as administrator of a decedent's estate before the second county court after his death not being void, but only erroneous, where there is no relative residing in the state who is competent and qualified to act, or who does not apply for administration until after the second county court after the death of the intestate, the appointment is valid, and the stranger may lawfully perform the duties of the office. Young's Admr. v. L. & N. R. R. Co., *supra;* Hilton, etc. v. Hilton's Admr., *supra;* Thompson v. Archie's Admr., *supra;* Williams, Ex Parte, 158 Ky. 61. From the requirements of the statutes, *supra*, there can be no doubt, that it is the duty of the county court to appoint a relative of the intestate, who is a distributee, to administer upon his estate, if such relative applies for the appointment, and is competent and qualified, and from the construction placed upon the statute by this court, it cannot be doubted, that even after the appointment of a stranger or creditor, if such a relative of intestate applies before or at the second county court after the death of intestate, it is the duty of the court to set aside the prior appointment and permit the relative to qualify. The reasons for the requirements of these statutes need not be sought for, as the legislative intent in their enactment is very plain. The reasons for the legislation are, however, said to have their origin in certain abuses of former times.

Neither, is it the duty of the court to defer in the appointment of an administrator to the wishes of a majority of the heirs of decedent. While, such a course may oftentimes be satisfactory, the court must be guided in its selection by the law upon the subject. In some jurisdictions the probate court gives deference to the wishes of the majority of the heirs in selecting the persons to whom to grant letters of administration, but such rule has never prevailed in this state, as we have legislative enactments which control the subject.

The appellant being the only relative, and distributee, as such, having applied for letters of administration upon the estate of the intestate, it was the duty of the court to appoint him, if he was competent for the task and qualified. There is no contention made to the effect, that he has not the legal qualifications required. He is a citizen of the state and county, above twenty-one years of age, and under no legal disability. Section 3846, Ky. Statutes, prescribed the grounds, where any of which exist, upon which the court must remove an administrator and revoke his appointment. The grounds there prescribed for such action are, being a non-resident, insanity, bankruptcy, insolvency, failing circumstances, or otherwise incapable of discharging the trust. There was neither accusation nor evidence, tending to show that appellant was suffering from any of these conditions. The evidence of the disinterested witnesses was to the effect, that he was competent and morally fit to discharge the trust. The charge that appellant has an antipathy against the other heirs of the intestate, and that he has a large claim against the estate, which would cause his interests to militate against the best interests of the estate does not seem to have any real foundation in fact. The debt, which, it is claimed, he holds, has long since been barred by the statute of limitations and he swears, that he does not claim it, and has no intention of attempting to enforce it. Two or three of the heirs who testified and who attempted to show that he had been troublesome in the settlement of other estates of their relatives, utterly failed to show any facts upon which they based their statements. The charge that he had advised a creditor of the estate to secure the advice of a lawyer does not seem to be a culpable action upon his part, which disqualifies him to act as administrator.

The other heirs, by nominating another for appointment as administrator, thereby declined to apply for appointment themselves, and hence are without power to nominate an administrator to the exclusion of appellant, who, under the statute, was entitled to qualify. The most of them were disqualified by coverture, infancy, or non-residence, and there is not any evidence, that the others are competent to discharge the trust, and hence cannot have authority to nominate an administrator to the exclusion of appellant, who has shown himself, by evidence, to be competent and qualified. Triplett v. Wells, Litt. Sel. Cas. 49; Watkins v. Watkins' Admr., 136 Ky. 266, 18 Cyc. 91-2-3-4.

It is therefore ordered that the judgment be reversed and the cause remanded to the circuit court, for proceedings consistent with this opinion, in that court and the county court.