## Hood v. Higgins' Curator.

(Decided October 9, 1928.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Second Division).

1.  Executors and Administrators.—Where deceased left no widow or children of his own, his adopted daughter was person next entitled to distribution of his estate, under Ky. Stats., sec. 2071, and section 2072, as amended by Laws 1922, c. 70, and was entitled to appointment as administrator, under Ky. Stats., sec. 3896.

2   Executors and Administrators.—Under Ky. Stats., sec. 3901, authorizing court to appoint curator to preserve estate, when court for any valid cause is delayed in granting letters of administration, term "any valid cause" means cause having binding force and legal sufficiency, operating to delay action of court, and statute does not confer on county court power to delay appointment of personal representative, but vests in court power to appoint curator to preserve assets when court is delayed by valid cause.

3. Executors and Administrators.—When application to be appointed administrator is made by an adopted child presenting a regular judgment of adoption, county court must give full faith and credit to such judgment, and appoint such child, even though there is suit pending to vacate judgment of adoption, under Civil Code of Practice, sec. 518, since until it is so vacated it is valid and binding, and no other court can defeat rights conferred by it.

4. Executors and Administrators.—Ky. Stats., sec. 3896, directing appointment of administrator is mandatory in its terms, and confers right of precedence on person entitled to distribution, and one having right to appointment cannot be deprived thereof without legal cause.

5. Executors and Administrators.—Under Ky. Stats., sec. 3896, where sole distributee, who is qualified, makes application before second county court next ensuing intestate's death to be appointed administrator, county court has no discretion, but must recognize and respect applicant's legal right to appointment; only discretion vesting in county court being to select, as among distributees of equal right, such as court deems best qualified.

DAVID R. CASTLEMAN and MATT O'DOHERTY for appellant

DAYTON T. MITCHELL, JOHN C. DOOLAN, J. L. LONDON and MILLER & MILLER for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

William Higgins died in Louisville, Ky., intestate, and at the first term of the Jefferson county court thereafter Mary A. Hood applied for letters of administration. Higgins, by appropriate proceedings in the Jefferson circuit court, had adopted the appellant, Mary A. Hood, as his child. The blood relations of Higgins objected to the appointment of appellant as administratrix, and requested the appointment of a trust company. Certain creditors of the decedent joined in the objections and motion of the blood relations. The county court refused to appoint any administrator for the time being, but appointed a corporate curator of the estate. The adopted daughter appealed to the circuit court, where the judgment of the county court was sustained, and she has prosecuted this appeal.

It is provided by statute that the court having jurisdiction shall grant administration to the relations of the deceased who apply for same, preferring the surviving husband or wife, and then such others as are next entitled to distribution, or one or more of them, whom the court shall judge will best manage the estate. Section

3896, Kentucky Statutes. Higgins left no widow or children of his own. His adopted daughter was the person next entitled to the distribution of his estate. Kentucky Statutes, sec. 2071 and sec. 2072, as amended by the Act of March 23rd, 1922, c. 70, p. 215. The ground of objection urged against the present appointment of the adopted daughter is that a suit has been instituted and is pending to vacate the judgment of adoption, and until such suit has been determined the adopted daughter should not be permitted to exercise the rights conferred upon her by the judgment of adoption. No injunction was applied for or issued by the circuit court, where the action for vacation of the judgment was pending, as might have been done. Section 523, Civil Code. The county court appointed the curator under section 3901, Kentucky Statutes, which is as follows:

"During the contest about the probate of a will, or when the court, for any valid cause, shall be delayed in granting letters testamentary or administration, it may appoint a curator to collect and preserve the estate of the decedent until probate of the will be granted, or until the cause for which such order was made shall be removed. In such case, the court shall take bond and good surety, from the person appointed, for the full and faithful performance of the trust confided to him. An appeal from such order shall not suspend the powers of the curator."

It is urged that this statute authorizes the appointment of a curator, not only during the contest of a will, but in every case when a delay arises from any valid cause, and that the county court itself might delay the appointment of an administrator for any valid cause. The language of the statute indicates that the cause of the delay must be something external to the court, as it provides for a condition "when the court, for any valid cause, shall be delayed in granting letters testamentary or administration." It is clear that "any valid cause" means a cause having binding force and legal sufficiency, operating to delay the action of the court. The statute does not confer upon the county court power to delay the appointment of a personal representative, but vests in that court the power to appoint a curator to preserve the estate when the court is delayed by any valid cause in the appointment of an administrator or executor. By

section 3896 of the Statutes, the court is directed to grant administration.

It is insisted that the contest over the validity of the judgment of adoption is a valid ground for delaying such appointment. The judgment of adoption, although ex parte, is in full force and effect, and binding upon the county court. When an application to be appointed administrator is made by an adopted child, presenting a regular judgment of adoption, the county court must give full faith and credit to such judgment. The court in which the judgment of adoption was rendered may vacate it upon grounds coming within the purview of section 518 of the Civil Code; but, until so vacated, it is valid and binding, and no other court can disregard or defeat the rights conferred by it. Greene v. Fitzpatrick, 220 Ky. 590, 295 S. W. 896. Compare Cunningham v. Clay (Ky.) 112 S. W. 852.

It will be observed that the statute directing the appointment of an administrator is mandatory in its terms, and confers a right of precedence upon the person entitled to distribution. The right is a valuable one, of which a party, without legal cause, cannot be deprived. Watkins v. Watkins, 136 Ky. 266, 124 S. W. 301; Moran v. Moran, 172 Ky. 343, 189 S. W. 248.

In Buckner's Administrator v. Buckner, 120 Ky. 596, 87 S. W. 776, this court construed the statute conferring precedence in the right of administration. It was held that the relation first in rank as distributee is entitled, as matter of right, to administer upon the decedent's estate, unless such distributee is disqualified by nonresidence, nonage, or other sufficient cause. The only discretion vested in the county court is to select as among distributees of equal right such as the court deems best qualified to manage the estate. If a sole distributee, who is qualified, makes application before the second county court next ensuing the intestate's death, no discretion is left to the county court; but it must recognize and respect the legal right of the applicant to the appointment.

The argument is advanced that, if a child should apply for appointment as administrator and his legitimacy was questioned, the court would not appoint him until his legitimacy was established. Buckner v. Buckner, supra. But the supposed analogy is not apt or applicable. In such case the county court is authorized to hear evidence and determine the issue of legitimacy. In the case we have now, the county court has no right to

inquire into or disregard the judgment of the circuit court adopting the applicant, but must give full effect to it so long as it remains in force. The right to be personal representative is a substantial one, and, in order to deprive thereof a party who is entitled to it by virtue of a judgment, the remedy allowed by section 523 of the Code must be pursued. Brown v. Hudson, 3 Bush, 60. Otherwise, the rights of such person could be indefinitely suspended by a mere action assailing his rights, leaving him without remedy if the suit ultimately failed of its purpose. On the other hand, no possible injury can come to the rightful heirs of the estate by reason of the appointment, since the court has ample power, and is really required, to exact an adequate bond, and may delay or restrain distribution of the estate until all questions are settled in an orderly way in the proper tribunals.

Our conclusion is that section 3896 requires the county court to appoint an administrator entitled thereto by the terms of that section, and that such court may not itself delay the appointment, and appoint a curator, unless for causes which operate to prevent action by the court. It follows that the denial to appellant of the appointment asked, and the appointment of the curator, was erroneous.

The judgment is reversed. for proceedings in accordance with this opinion.