# Ellwanger et al. v. Ellwanger's Adm'r.

May 23, 1939.

KRIEGER & HUFFAKER and A. F. STIEFVATER for appellants.

J. O. ARNOLD, FRANK DACHER and MARK BEAUCHAMP, JR., for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

John G. Ellwanger died intestate June 13, 1938, a resident of Louisville, Jefferson County, Kentucky. The next day Ben G. Johnson, the appellee herein, was appointed to administer the estate of Ellwanger on the motion of L. D. Bax & Sons, who claimed to be a creditor. All the relatives of the decedent, who are entitled

to participate in the distribution of his estate, live in Germany. In addition to these non-resident relatives, Ellwanger left three first cousins and a second cousin, who are residents of Jefferson County, Kentucky.

Immediately upon learning of Johnson's appointment as administrator of the estate, the resident first cousins filed a motion in the Jefferson County Court seeking to have set aside his appointment as administrator, and to have appointed in his stead the second cousin of the decedent, Herbert E. Redman. No question has been raised concerning the qualifications of either Johnson or Redman to act in the capacity of administrator. Prior to the date set for the hearing on the motion to remove Johnson as administrator, the non-resident relatives executed a power of attorney wherein they designated A. F. Stiefvater as their attorney in fact, with full power and right to act for them. Through their attorney the distributees, the non-resident relatives of the decedent, filed a motion in the county court seeking to have Johnson removed as administrator and Redman appointed in his stead. Upon a hearing both of these motions were overruled. The resident and non-resident relatives joined in an appeal to the circuit court. The circuit court upheld the ruling of the county court. From that judgment both groups of relatives are appealing.

In urging reversal they insist (1) that the resident relatives, even though they are not distributees, have a superior right under Section 3896 of the Statutes to that of a creditor of the estate to nominate the person who shall serve as administrator; and (2) that the distributees, the non-resident relatives, acting with the consent of and in conjunction with the resident relatives, have a right superior to that of a creditor to nominate the administrator.

Section 3896 of the Statutes provides:

"The court having jurisdiction shall grant administration to the relations of the deceased who apply for the same, preferring the surviving husband or wife, and then such others as are next entitled to distribution, or one or more of them who the court shall judge will best manage the estate."

Section 3897 provides:

"If no such person apply for administration at the

.second county court from the death of an intestate the court may grant administration to a creditor, or to any other person, in the discretion of the court. If a will shall afterward be produced and proved, the administration shall cease, and the court may proceed to grant a certificate of the probate thereof, or, in the proper case, letters of administration, with the will annexed."

The appointment of Johnson as administrator on June 14th, the day after John G. Ellwanger died, even though made with no small degree of haste, and which haste is not explained in the record, was voidable and not void. Spayd's Adm'r v. Brown, 102 S. W. 823, 31 Ky. Law Rep. 438; Young's Adm'r v. Louisville & N. R. Co., 121 Ky. 483, 89 S. W. 475, 28 Ky. Law Rep. 451; Leach v. Owensboro City R. Co., 137 Ky. 292, 125 S. W. 708; Thompson v. Archie's Adm'r, 158 Ky. 590, 165 S. W. 977; Lalley v. Lalley's Adm'r, 256 Ky. 50, 75 S. W. (2d) 544.

If none of Ellwanger's relatives came within the purview of Section 3896 of the Statutes, there was no reason to wait until the second term of court to appoint an administrator. In the case of Hilton v. Hilton's Adm'r, 109 S. W. 905, 906, 33 Ky. Law Rep. 276, it was pointed out that a relative, who was not entitled to distribution in the estate of the deceased, had no control of the matter. It was also said in that case that:

"The statute does not contemplate that persons who are related by blood, but have no interest in the estate, shall determine who shall be appointed as administrator."

See also Buckner's Adm'r v. Buckner, 120 Ky. 596, 87 S. W. 776, 27 Ky. Law Rep. 1032; Watkins v. Watkins' Adm'r, 136 Ky. 266, 124 S. W. 301; Anderson's Committee v. Anderson's Adm'r, 161 Ky. 18, 170 S. W. 213, L. R. A. 1915C, 581; Moran v. Moran's Adm'r, 172 Ky. 343, 189 S. W. 248; Hood v. Higgins' Curator, 225 Ky. 718, 9 S. W. (2d) 1078. Counsel for the appellants urge that these cases are not authority for the denial of the right of resident relatives of a decedent, even though they are not distributees, to qualify as administrator of his estate when there are no distributees who are residents of Kentucky. With this contention we can not agree, since this Court has consistently held that the relations referred to in Section 3896 of the Statutes are

those entitled to distribution in the estate of the deceased.

As to the right of non-resident relatives to administer an estate of their deceased relative, or to direct the court as to whom should be so appointed, it was said in the case of Spayd's Adm'r v. Brown, supra:

"In the case before us there was no person residing in this state of kin to the decedent. His sisters, being nonresidents, were not entitled to administer on his estate; and, not having that right, they could not direct the court to appoint any person or dictate who should be appointed." See also Young's Adm'r v. Louisville & N. R. Co., supra; Thompson v. Archie's Adm'r, supra; Moran v. Moran's Adm'r, supra; and Fishel v. Dixon, 212 Ky. 2, 278 S. W. 545; Hunt v. Crocker, 246 Ky. 338, 55 S. W. (2d) 20; Lalley v. Lalley's Adm'r, supra.

We see, therefore, that neither the resident nor the non-resident group of relatives of John G. Ellwanger can qualify to administer his estate. It is obvious that, since neither group can qualify, the combined efforts of both groups will in no way strengthen their position in urging that Johnson be removed as administrator and Redman be appointed in his stead.

Counsel for the appellants stress the cases of Louisville Trust Co. v. Bingham, 178 Ky. 573, 199 S. W. 58, and Hunt v. Crocker, supra, in support of their contentions, but an examination of these cases shows that they dealt with conditions and circumstances materially different from those in the case at bar.

For the reasons given herein we are constrained to hold that the judgment of the lower court should be, and it is affirmed.