Vernon HOLT, Appellant,

v.

Kern P. KELLAR, Jr., Appellee.

Court of Appeals of Kentucky.

Oct. 31, 1958.

Rehearing Denied Jan. 16, 1959.

L. C. Lawrence, Stanley G. Lemon, Liberty, for appellant.

Hollis Edmonds, Russell Springs, for appellee.

CLAY, Commissioner.

This is an appeal from a judgment of the Russell Circuit Court which (1) set aside an order of the Russell County Court appointing appellant Holt as curator of the estate of Walter S. Kellar, and (2) ordered the county court to appoint appellee Kellar as administrator.

In July, 1957, Walter Kellar, a resident of Russell County, died intestate. Two of his brothers, one of whom was a nonresident, were appointed co-administrators. About six months later the resident administrator died. Thereupon his son, the ap-

pellee, petitioned the court to be appointed administrator de bonis non. Appellee is well qualified to act as administrator, the heirs and distributees of the estate agreed to his acting in this capacity, and he offered to execute a proper and adequate bond.

The Russell County judge refused to appoint appellee as administrator, entering a lengthy order wherein he discussed various facts pertaining to this estate, and recited that confusion existed concerning the value of the estate and who should administer it. He thereupon appointed his son as curator to act "until such time as the question of administration is determined by the courts".

KRS 395.040 directs the county court to grant administration to the relations of the deceased who apply for administration, with certain preferences not important here. Since no other interested party has applied to act in this capacity, and in view of the fact that all distributees have agreed to the appointment of appellee, and since he is well qualified, we can find no legal reason in this record why appellee should not be appointed.

On what ground may a county court appoint a curator to collect and preserve the estate when a qualified candidate for administration has applied for appointment? KRS 395.410(1) provides:

"During the contest about the probate of a will, or when the court for *any valid cause is delayed in granting letters testamentary or administration,* it may appoint a curator to collect and preserve the estate of the decedent until probate of the will is granted, or until the cause for which the order was made is removed." (Our emphasis.)

In Hood v. Higgins' Curator, 225 Ky. 718, 9 S.W.2d 1078, 1079, the court stated as follows:

"It is urged that this statute authorizes the appointment of a curator, not only during the contest of a will, but in every case when a delay arises from any valid cause, and that the county court itself might delay the appointment of an administrator for any valid cause. The language of the statute indicates that the cause of the delay must be something external to the court, as it provides for a condition 'when the court, for any valid cause, shall be delayed in granting letters testamentary or administration.' It is clear that 'any valid cause' means a cause having binding force and legal sufficiency, operating to delay the action of the court. The statute does not confer upon the county court power to delay the appointment of a personal representative, but vests in that court the power to appoint a curator to preserve the estate when the court is delayed by any valid cause in the appointment of an administrator or executor."

It is apparent that a curator may only be appointed if there is some good reason why an administrator cannot be appointed. Neither the trial court nor we can discover in the order of the Russell County Court or this record any legal cause why an administrator should not be appointed. There have been and apparently will be no difficulties in settling this estate, and there is nothing to be done under the county court order by the appointed curator which could not just as well, if not better, be handled by an administrator. The law does not authorize this compounding of expense to the estate without a legal cause.

Since appellee is the only qualified person making application to administer this estate, and since there is no reason why he should not be appointed, we think the trial court correctly directed the appointment.

The judgment is affirmed.