Marjorie YEARY et al., Appellants,

v.

Homer YEARY, Administrator of the Estate of William Yeary, Deceased, Appellee.

Court of Appeals of Kentucky.

Nov. 22, 1961.

Berry & Floyd, New Castle, for appellants.

Thomas & Thomas, New Castle for appellee.

CULLEN, Commissioner.

William Yeary, a resident of Henry County, Kentucky, was killed in an automobile accident. He left no estate other than a potential claim for damages under the wrongful death statute. Marjorie Yeary (or Franzle), a resident of Michigan, claiming to be his widow, filed an application that D. K. Floyd, an attorney of Henry County, be appointed as administrator. William's father, Homer Yeary, opposed the application and asked that he be appointed administrator. The county court appointed Homer. Marjorie and Mr. Floyd appealed to the circuit court, which entered judgment upholding the action of the county court, and they have appealed from the judgment to this Court.

Two terms of the county court had elapsed following William's death, before Marjorie filed her application. Therefore, under KRS 395.040(2), any preference she might possibly have had with regard to the appointment of an administrator was lost, and who should be appointed became a matter of discretion of the court. Beddow v. Beddow's Adm'r, Ky., 267 S.W.2d 87. (It is exceedingly doubtful whether Marjorie ever had any preference rights, because as a nonresident she was not eligible herself to be appointed, and there is authority to the effect that a nonresident does not have the right even to nominate an appointee. See Ellwanger v. Ellwanger's Adm'r, 278 Ky. 584, 129 S.W.2d 127.) So the only question before us is whether the record shows that the county court abused its discretion in appointing Homer as administrator.

Marjorie's claim to be William's widow was based on the assertion that they had entered into a common-law marriage in Michigan, where such marriages are recognized as valid. It appears that both the county court and the circuit court were of the opinion, upon the evidence submitted in the respective courts, that she was not the common-law wife of William. We think the evidence requires the opposite conclusion. It further appears that the circuit

judge entertained the erroneous view that a common-law marriage in another state, though valid in that state, will not be recognized in Kentucky. See Brown's Adm'r v. Brown, 308 Ky. 796, 215 S.W.2d 971. However, this is of no significance except as it has bearing on the question of whether the county court abused its discretion in appointing Homer. Neither the county court nor the circuit court made any formal adjudication that Marjorie was not the widow of William, and their judgments are not to be construed as determining that question.

Under the wrongful death statute, KRS 411.130, a widow has a prior claim over a parent of a deceased to the damages recovered for a wrongful death. The argument of the appellants here is that the interests of Homer, as a parent of the deceased, will be to contest Marjorie's claim that she is the widow and to prosecute the wrongful death action for his own benefit, and thus he occupies such an antagonistic position that it was an abuse of discretion for the court to appoint him as administrator.

Even though Homer will have the opportunity to litigate, in a proceeding for determination of heirs, the question of whether Marjorie is the lawful widow of William, and Homer's interest in such litigation would be to disprove her claim of being the widow, it does not follow that the court abused its discretion in appointing him as administrator. His holding of the position of administrator would not give him any practical advantage in litigating the question of whether Marjorie is the widow. If it should be established by final adjudication that she is the widow, or even if the administrator should concede now that she is the widow, he could not prevent her from securing distribution of whatever damages may be recovered in the wrongful death action. There is no showing that he has such a hostile attitude that in the event Marjorie should be proved or conceded to be the widow he would not endeavor to prosecute the wrongful death action with diligence and good faith.

We are not aware of any rule that where there are conflicting claimants to an estate the court must always appoint a disinterested third party as administrator. To the contrary, it is pointed out in Rieke's Adm'r v. Rieke, 183 Ky. 131, 208 S.W. 764, that the statute itself, in recognizing certain rights of preference in appointment, authorizes persons to be appointed whose financial interests are antagonistic to those of other persons entitled to participate in the distribution of the estate.

In Hays v. Coy, Ky., 264 S.W.2d 258, it was held that an heir who would share in the undevised portion of his sister's estate was not disqualified from appointment as administrator even though it would be to his interest to have the will construed as devising only a small amount of property. See also Barnett's Adm'r v. Pittman, 282 Ky. 162, 137 S.W.2d 1098.

It is our opinion that there was no abuse of discretion by the county court in appointing Homer as administrator.

The judgment is affirmed.