[No. 15740.   Department Two.—December 3, 1894.]

IN THE MATTER OF THE ESTATE OF TIMOTHY DONOVAN, DECEASED.   EDWARD F. FITZPATRICK. APPELLANT, J. K. SECORD, RESPONDENT.

| 104 | 623 |
|-----|-----|
| 120 | 640 |
| 104 | 623 |
| 124 | 693 |
| 104 | 623 |
| d140 | 691 |

ESTATES OF DECEASED PERSONS—RIGHT OF ADMINISTRATION—BONA FIDE RESIDENT.—One who is not a *bona fide* resident of this state is not entitled to administer the estate of a deceased person, nor to nominate another to administer it; and a brother of the deceased who came to this state after thirty-eight years' residence in the state of Massachusetts, accompanied by an unmarried daughter, but leaving his wife with a married son and daughter in Massachusetts, and coming for the purpose of seeing to the interests of his brother's estate, at the request of an attorney, fails to show that he is a *bona fide* resident of this state, notwithstanding his statement that he was a resident of the state at the time of the nomination, three days after his arrival.

ID.—CHANGE OF RESIDENCE—UNION OF ACT AND INTENT.—Union of act and intent are necessary to make a change of residence; and, where one has been in the state but three days, nothing can be inferred from his presence in the state for so short a time, and it is for the court to determine from the whole of his testimony what his intention was.

ID.—ABANDONMENT OF FORMER DOMICILE.—To constitute one who has been a nonresident of the state a *bona fide* resident of this state there must be evidence of an abandonment of the domicile in another state.

APPEAL from an order of the Superior Court of Santa Clara County refusing to appoint the appellant as administrator, and from an order appointing the respond-

ent as administrator of the estate of Timothy Donovan, deceased.

The facts are stated in the opinion.

*Edward F. Fitzpatrick,* Appellant, in *pro. per.*

*C. D. Wright,* and *William L. Gill,* for Respondent.

HAYNES, C.—Timothy Donovan died intestate in Santa Clara county in this state, leaving an estate in said county.

Appellant and respondent each applied for letters of administration, the latter being the public administrator of said county. John Donovan, a brother of the deceased, requested the appointment of appellant. This request was denied, upon the ground that John Donovan was not a *bona fide* resident of this state, and therefore not entitled to administer the estate, under section 1369 of the Code of Civil Procedure, nor competent to nominate another under section 1379 of the same code. (See *Estate of Beech,* 63 Cal. 458, and *In re Bedell,* 97 Cal. 339.)

The sole question, therefore, is whether John Donovan was, at the time he made the request, a *bona fide* resident of this state. If he was, he was first entitled to administer, and so had the right to nominate appellant.

Timothy Donovan died January 10, 1894. John Donovan was then residing, and for about thirty-eight years had resided, at Chicopee, in the state of Massachusetts. On January 20, 1894, he, and others entitled to share in the estate, signed and forwarded to appellant a written request for his appointment as administrator, and, on January 25th, appellant filed his petition praying that letters of administration be issued to him. Both petitions came on for hearing February 9, 1894.

Three days before the hearing John Donovan arrived in California, and on the day of the hearing filed a written request for the appointment of appellant, describing

himself therein as a resident of San Mateo county, in this state. He was called as a witness by appellant, and, after testifying that he resided in Redwood City, he was asked upon cross-examination: "How came you to California? A. Well, because I was sent for. Who sent for you? A. The death of my brother. Who sent for you? A. Mr. Fitzpatrick. And that is the reason you came out here? A. I came out here to live. He sent for you? A. Of course; I came out here to see about the interests of my brother's estate. He told me—he sent for me— he wrote me, and of course I wanted to come out to see to the interests of my brother's estate. He sent for me that I should come out here and claim I have a residence here to have any say in this matter."

The witness gave other testimony of like character upon cross-examination, and upon redirect examination he was asked: "You are now a resident of this state, are you? A. Yes, sir. Is it your intention to remain? A. I cannot tell that. I will remain here if I can; as long as I can. It is my intention to remain here."

When he came he brought an unmarried daughter with him, leaving his wife with a married son and daughter in Massachusetts.

We think the evidence failed to show that John Donovan was a *bona fide* resident of this state.

Appellant contends that the court was bound by the direct evidence of the witness that he was a resident. But it was conceded that for many years he was a resident of Massachusetts, and "union of act and intent are necessary to make a change of residence." (Pol. Code, sec. 52.) He had been in this state but three days, and nothing could be inferred from his presence for so short a time as to his intention in coming, and it was for the court to determine from the whole of his testimony what his intention was.

Appellant cites *Hanson* v. *Graham*, 82 Cal. 631. That case does not sustain his contention. The question there was as to what constituted nonresidence under the attachment laws. It was there said (p. 633): "In stat-

utes relating to taxation, settlements, the right of suffrage, and qualification for office, it may have a very different construction from that which belongs to it in the statutes relating to attachments." Our attachment laws use the expressions "not residing" and "nonresident," without other qualification, whilst the code provision, in relation to the office of administrator, requires that the petitioner, or the person requesting his appointment, must be "a *bona fide*" resident of this state. This must involve an abandonment of his domicile in Massachusetts, and that was not shown.

The order refusing to appoint appellant and the order appointing respondent should each be affirmed.

VANCLIEF, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the orders appealed from are affirmed.

MCFARLAND, J., DE HAVEN, J., FITZGERALD, J.