[L. A. No. 6874. In Bank.—December 15, 1921.]

## In the Matter of the Estate of ELMER BARNES, Deceased.

[1] ESTATES OF DECEASED PERSONS—LETTERS OF ADMINISTRATION—
RESIDENCE OF APPLICANT—FINDING—APPEAL.—A finding that an
applicant for letters of administration was not a *bona fide* resi-
dent of the state at the time of his application will not be dis-
turbed on appeal.

[2] ID.—DISQUALIFICATION OF NONRESIDENTS—CONSTITUTIONAL LAW.—
The statute denying to nonresident heirs the right to administer
upon the property of decedents in this state is not in violation
of the fourteenth amendment to the federal constitution, which
provides that no state shall deprive any person of life, liberty, or
property, nor deny to any person within its jurisdiction the equal
protection of the laws.

APPEAL from an order of the Superior Court of Orange
County appointing an administrator. R. Y. Williams, Judge.
Affirmed.

The facts are stated in the opinion of the court.

John A. Harvey for Appellant.

Head & Rutan for Respondent.

RICHARDS, J., *pro tem.*—This is an appeal from an order
of the superior court of Orange County appointing Charles
D. Brown, public administrator, as the administrator of the
estate of Elmer Barnes, deceased, and denying the ap-
plication of Hervey Barnes to be appointed such adminis-
trator. Elmer Barnes died intestate on or about January
5, 1920, at Wheaton, Illinois, being at the time of his death
a resident of the county of Orange, state of California, and
leaving estate consisting of an undivided half interest in
certain real property therein. He left as his surviving heirs
his father and mother, Hervey Barnes and Mary Barnes, who,
up to the time of his death and for a long time prior thereto,
resided in Wheaton, Illinois. On December 14, 1920, Ray-

2. Right of nonresidents to act as executors or administrators,
notes, 113 Am. St. Rep. 562; 3 Ann. Cas. 988; Ann. Cas. 1912A, 747;
1 L. R. A. (N. S.) 341.

mond C. Barnes, a brother of said deceased, filed a petition to be appointed administrator of the decedent's estate, whereupon the said public administrator filed a like petition, in which he alleged that said Raymond C. Barnes was not qualified to be appointed as such administrator for the reason that he was not entitled to share in the distribution of said estate. Thereupon Hervey Barnes, the father of said deceased, having received at his home in Illinois a telegram from his son, Raymond C. Barnes, stating that the latter was having some difficulty in being appointed administrator, and requesting him to come out as an heir of his deceased son and apply for letters of administration, came at once to California, arriving in Orange County on December 20, 1920, and filed his petition for letters of administration in said estate on December 30, 1920. The petition of Raymond C. Barnes was thereupon dismissed. Both of the other petitions came on for hearing at the same time, and the court, after taking evidence for and against each petition, made its order denying Hervey Barnes' petition upon the ground that he was not a *bona fide* resident of the state of California at the time, and granting the petition of the public administrator for letters of administration. This appeal is from said order.

It is the contention of the appellant that he was a *bona fide* resident of the state of California at the time of filing his petition to be appointed administrator of his son's estate, and as such was entitled to be appointed such administrator under section 1365 of the Code of Civil Procedure. This contention rests almost entirely for its support upon the testimony of the appellant himself that it was his intent in coming to California upon this occasion to become a *bona fide* resident thereof. The appellant argues that this expression of his intent, coupled with the fact of his presence in California at and after the time of the filing of his petition for letters of administration, are controlling upon the question of his qualification as a *bona fide* resident within the state to receive such letters of administration. In support of such contention the appellant cites *Estate of Newman*, 124 Cal. 688, [45 L. R. A. 78, 57 Pac. 686], wherein, upon a much similar state of facts, the probate court found in favor of the applicant and appointed her administratrix, and this court upheld such finding and the order making such appointment. The respondent, on the other hand, contends that, looking to

the record as a whole, there was sufficient evidence to justify
the holding of the trial court that the appellant herein was
not a *bona fide* resident of California at the time his petition
for letters was filed; and the respondent upon his part relies
upon *Estate of Donovan*, 104 Cal. 625, [38 Pac. 456], where-
in, upon a state of facts almost identical with those of the
instant case, the probate court denied letters to the peti-
tioner, and upon his appeal this court upheld the finding
and order of the probate court. In *Estate of Newman, supra,*
the attention of this court was called to its decision in *Estate
of Donovan, supra,* and to the similarity of the facts in each
case, whereupon it made the following significant comment:
"The difference between this case and the case of *In re
Donovan,* 104 Cal. 623, [38 Pac. 456], is that there the court
found against the petitioner as to the fact: In each case this
court must abide the conclusion." [1] There is no escape
from the application of a like conclusion to the instant case.
The appellant, it is true, testified to his present intention
to become and be a *bona fide* resident of the state of Cali-
fornia and that such intent had been forming in his mind
for about two years and ever since the occasion of a former
visit to this state. But the evidence also showed his long
residence in Illinois, where he had maintained the family
home and where his aged mother, his wife, and certain of his
children were still residing. The evidence also showed that
his mother's age and infirmities were such that she could not
be moved at the time, and that it was necessary that his
wife should remain in Illinois to care for her for an indefinite
period of time. It also appeared that while his son, Elmer
Barnes, had died in January, 1920, leaving estate in Cali-
fornia, the appellant had taken no steps toward coming to
this state or acquiring a residence therein until, in the fol-
lowing December, his other son had telegraphed for him to
come on and apply for the letters of administration, which he
himself was unable to obtain. He then came hastily, bring-
ing no property, and, upon his own statement, being obliged
presently to return to Illinois for the purpose of so adjust-
ing his affairs there as to make his removal to California
feasible, depending upon the future condition of his mother's
health. There can be no doubt that upon this state of the
proof there was sufficient evidence to justify the finding
of the probate court that the appellant was not, at the time

of his application for letters of administration, a *bona fide* resident of the state of California. Such finding and the order based upon it will not be disturbed upon appeal.

[2] The appellant makes the further contention that the statute denying to nonresident heirs the right to administer upon the property of decedents in this state is void as in violation of the fourteenth amendment to the federal constitution, which provides that no state shall "deprive any person of life, liberty or property, nor deny to any person within its jurisdiction the equal protection of the laws." This contention is supported by no authority and has no merit. The administration of estates is a matter of statutory regulation and the right to provide thereby for the temporary possession of the property of decedents for the purpose of paying their debts and distributing the residue of their estate among those entitled to succeed thereto has been universally recognized and upheld.

The order is affirmed.

Shaw, C. J., Wilbur, J., Sloane, J., Lennon, J., Waste, J., and Shurtleff, J., concurred.