## Fishel, Administratrix v. Dixon.

(Decided October 9, 1925.)

### Appeal from Johnson Circuit Court.

1. Executors and Administrators—Nonresident of State Cannot be Appointed as Administrator of Estate of Deceased Situated Within State.—A nonresident of the state cannot be appointed administrator of estate of deceased situated within Kentucky, in view of Ky. Stats., sections 2024, 2043, 3846.

2. Executors and Administrators—In Appointment of Ancillary Administrator, Laws of Decedent's Domiciliary State Govern Priority Among Eligible Candidates.—Selection of ancillary administrator differs in no respect from selection of administrator of estate of resident decedent, except that in appointment of former laws of decedent's domiciliary state should govern priority among eligible candidates.

3. Executors and Administrators—Nonresident Executor Must Give Bond for Costs on Suing for Debt Due Decedent, and also Bond to Pay Debt Due by Decedent to Resident of State.—A nonresident executor or administrator, on suing for debt due decedent, must give bond for costs, as required by Ky. Stats., 3878, and in such action no judgment will be entered unless he executes bond, with

good surety, conditioned to pay debt due by decedent to any state resident to extent assets shall come into his hands, in view of Ky. Stats., section 3879.

HOWES & HOWES for appellant.

W. H. VAUGHAN & SON and Z. WELLS for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

John P. Fishel was a resident of Washington county, Ohio. During the year 1921, he was temporarily located in Johnson county, Kentucky, engaged in the oil drilling business, and had in his employment the appellee, Rolla Dixon, who was engaged by him to operate an oil drilling rig. On June 4, 1921, while so engaged, a part of this machinery fell, and so crushed Dixon's right foot, ankle and leg that it was necessary to amputate his leg just below the knee.

On September 28, 1921, John P. Fishel died, leaving some estate in Johnson county, Kentucky, but the bulk of his estate was located in Washington county, Ohio. The probate court of Washington county, Ohio, on November 7, 1921, duly appointed and qualified the appellant, Catherine C. Fishel as administratrix of the estate of her husband, John P. Fishel. Upon application of Rolla Dixon, the county court of Johnson county, Kentucky, appointed one Tobe Wiley as administrator of the estate of John P. Fishel. Learning of this appointment, Catherine C. Fishel came to Johnson county, Kentucky, and induced Tobe Wiley to resign, to which resignation the appellee, Rolla Dixon, objected. Nevertheless, the court accepted Wiley's resignation and thereupon Catherine C. Fishel moved the Johnson county court to appoint her as administratrix of John P. Fishel, to which Rolla Dixon objected because she was a nonresident of Kentucky, and he moved the court to commit the estate to the hands of B. H. Conley for administration, and with and in support of his motion, he filed the affidavit of B. H. Conley, which is as follows:

"The affiant, B. H. Conley, states that J. P. Fishel, a resident of Ohio, died in Johnson county, Kentucky, on or about the 28th day of September, 1921, and was the owner of property in said county and state. That said J. P. Fishel, as far as the affiant knows or believes, died without leaving a will,

and his only heir at law, as affiant is informed and believes, is his widow, Catherine C. Fishel, who is a nonresident of this state, and whose post office address is Marietta, Ohio. The undersigned, B. H. Conley, whose post office address is Paintsville, Kentucky, asks to be appointed administrator of said decedent's estate to fill the vacancy caused by the resignation of Tobe Wiley, who has heretofore been administrator of said estate, and affiant further states that he is a citizen and resident of Johnson county, Kentucky, over the age of 21 years, and does not possess any legal disqualifications and does not know of any reason why he is not qualified to act as administrator herein.''

The Johnson county court refused to appoint Conley, and appointed Mrs. Fishel, to all of which Dixon and Conley objected, and on December 12, 1921, they appealed to the circuit court from this order of the county court, by executing bond in the circuit court and filing the necessary papers. On February 5, 1924, the Johnson circuit court sustained said appeal and remanded the matter to the Johnson county court with directions to appoint as administrator of the estate of John P. Fishel, some resident of Johnson county, Kentucky, possessing all the qualifications required by law, to which order Catherine C. Fishel objected and excepted, and prayed an appeal to the Court of Appeals, which was granted. On March 3, 1924, Mrs. Fishel, for the benefit of Rolla Dixon, executed a supersedeas bond, and the record shows that a copy of the supersedeas was executed on Rolla Dixon on March 4, 1924, and on August 26, 1924, she filed her appeal in this court.

There is but one question presented by this appeal, and that is: ''Can a nonresident of the state be appointed administrator of the estate of a decedent situated in Kentucky?'' The answer is ''No.'' See Moran v. Moran's Admr., 172 Ky. 343, 189 S. W. 248; Spayd's Admr. v. Brown, 31 Ky. L. R. 438, 102 S. W. 823; Young's Admr. v. L. & N. R. R. Co., 121 Ky. 483, 28 Ky. L. R. 451 and 454, 89 S. W. 475; section 3846 of the statutes.

An implied prohibition against the appointment of a nonresident is found in the statutory provision that if an administrator moves out of the state, his letters shall be revoked. Burkhim v. Pinkhussohn, 58 S. C. 469, 36 S. E. 908.

This ruling does not deny to Mrs. Fishel any right which is hers under the fourteenth amendment to the federal Constitution, which provides that no state shall "deprive any persons of life, liberty or property, without due process of law; nor to deny to any person within its jurisdiction the equal protection of the laws."

The settlement and administration of estates of decedents within their jurisdictions, is a matter entirely within the control of the several states, and the right of the states to provide for the temporary possession and management thereof for the purpose of paying the debts of the decedent, and any inheritance taxes that may be due the state, and distributing the residue of the estate among those entitled thereto, has been universally recognized and upheld. In re Barnes' Estate, 187 Cal. 566, 203 P. 100.

Section 3846 of our statutes is section 10, chapter 156 of the Acts of the General Assembly of 1891-2-3. This act was approved March 3, 1893, and being a recent expression of the legislative branch of our government, we have rested this decision upon it; but we were by no means compelled to do so, for, aside from this statute, it has been the fixed policy of this state for one hundred years to deny to a nonresident the right to be appointed administrator of an estate situated in Kentucky.

In the case of Radford v. Radford, 35 Ky. (5 Dana) 156, this court approved the action of the county court of Cumberland county in appointing William L. Radford administrator of the estate of his intestate father, and in refusing to appoint the plaintiff, Hanna Radford, the widow of intestate, and in that case, this court said: "The plaintiff was, by law, entitled to preference, if, in all respects, she was qualified. . . . And certainly her nonresidence was a sufficient objection to her." This was the expression by this court in an opinion upon a question directly in issue, identical with the question in issue in this case, and hence is of binding authority.

The learned counsel for Mrs. Fishel argues that she should be appointed, and rests his contention upon the case of Fletcher v. Sanders, 37 Ky. (7 Dana) 345, in which case this court said: "*Ex comitate*, however, the administrator of the domicil will generally be preferred in the granting of letters of local administration in a foreign country." This was only the expression of an opinion upon a question that was not before the court, hence is not authority. However, counsel for Mrs. Fishel

placed great stress upon this dictum and insisted that that is in harmony with the following, which is quoted from a well known text: "Ancillary letters should ordinarily be granted to the domiciliary representative, if he applies therefor," but he fails to go as far as the text goes, for the text continues, "But in the absence of express statutory requirements, the court may, in its discretion, appoint some other person, and in some states the appointment of the domiciliary representative is precluded by statutes requiring that the person to whom letters are issued shall be a resident of the state." From what we have already said, it is clear that Kentucky does forbid the appointment of a nonresident as administrator of the estate of a decedent in Kentucky.

Any administration of this estate that may be granted in Kentucky will be an ancillary administration. The selection of the party to be such ancillary administrator differs in no respect from the selection of the party to be the administrator of the estate of a resident decedent, except that in the appointment of an ancillary administrator, the laws of the state of the domicil of the decedent should govern the priority among the eligible candidates to be observed in the selection of such personal representative. See section 246 The American Law of Administration, by Woerner.

In the case of Marrett v. Babb's Admrs., 91 Ky. 88, 15 S. W. 4, 12 Ky. L. R. 652, this court said of an executor appointed by the state of Massachusetts: "His qualification as executor in a sister state does not authorize him to administer the assets here or act otherwise in our courts as such representative."

A nonresident executor or administrator cannot even bring a suit in Kentucky to collect a debt due his decedent without executing bond for costs as required by section 3878 of the statutes, and in such action, no judgment shall be rendered unless the plaintiff executes bond with good surety, resident of the county, to the Commonwealth, conditioned to pay any debt due by his decedent to any resident of this state to the extent assets shall come to his hands. Section 3879, Kentucky Statutes.

Counsel for Mrs. Fishel says: "This is really a contest between appellant and appellee, and not between Conley and appellant." We understand that thoroughly. We understand the purpose of this application by Mrs. Fishel to be to get control of these assets of her deceased husband's estate, and get them out of this juris-

diction so as, if possible, to defeat any attempt that the appellee, Dixon, may make to recover for the loss of his leg, and of such a course, this court said in the case of Fletcher v. Sanders, *supra*:

> "It is a well settled doctrine, that letters of administration granted by one nation or state, can have no operation, *per se*, within the jurisdiction of another nation or state; and that, therefore, such authority, being local, can, *de jure*, vest no right of suit in any other country than that in which it was granted; for, as it is the duty of every government to secure to its own citizens a just participation in the distribution of the assets within its protection and control, belonging to every deceased debtor of any of those citizens, wherever he may have lived or died, it is an established rule of international law, that assets shall be administered under the authority of the local sovereign."

Dixon and other creditors of the decedent have the right to have their claims adjudicated in this jurisdiction, and to have this property subjected to the payment of their claims, and while they are doing this, this estate will be cared for, controlled, managed and administered under the laws of Kentucky, by the Kentucky authorities for that purpose.

This is, in effect, the finding of the Johnson circuit court, and its judgment is affirmed.