ADAMS, Justice.
Ralph Owens appeals from an order of the probate court of Mobile County appointing Mildred Ford the administratrix of the estate of Jon S. Ford, deceased. Owens raises one issue on appeal: whether Mildred Ford is a non-resident of the State of Alabama, and, therefore, disqualified from serving as administratrix of the estate of Jon Ford.
Jon Ford, a resident of Mobile County, Alabama, died intestate on July 8, 1983. On July 15, 1983, his half-brother, Ralph Owens, filed his petition for letters of administration, in which he asserted that he was the only heir-at-law and next-of-kin of the deceased currently residing in Alabama. Thereafter, on July 20, 1983, Mildred Ford, mother of the deceased, filed her petition for letters of administration, in which she listed her residence as Mobile, Alabama.
A hearing on both petitions was held in the probate court of Mobile County on July 21, 1983. At the hearing, the probate judge indicated that Mildred Ford was entitled to receive the letters of administration unless she were proven to be a nonresident of the State of Alabama.
Mildred Ford testified that at the time of her son’s death, she was administratrix for an ill sister with whom she was living in Carrollton, Missouri. She said that she had come to Mobile only after learning of Jon’s death. She further testified that upon her arrival in Mobile, she stayed at a motel for a few days and then rented an apartment.
Mildred Ford admitted that she had not yet sought employment in Mobile and had not secured an Alabama driver’s license. Though she stated that she had applied for voter registration in Alabama, an affidavit of the Chairman of the Board of Registrars of Mobile County indicates that she was not registered to vote and had not filed an application for voter registration. Nevertheless, Ford stated that she had no intention of returning to Missouri; she said that she would remain in Mobile permanently, since “my son is here.” [1]
The causes for disqualifying a person from serving as an administrator are enumerated in Code 1975, § 43-2-22(a). Among them is that an applicant for letters of administration is a “non-resident” of the State of Alabama.
We have studied carefully the cases collected in the annotation at 9 A.L.R. 4th 1223 (1981), and are of the opinion that it is well-settled in other jurisdictions that a change of residence for the purpose of acquiring letters of administration requires a “union of act and intent.” In re Donovan’s Estate, 104 Cal. 623, 625, 38 P. 456, 456 (1894). See also, In re Nix’s Estate, 66 Mont. 559, 564, 213 P. 1089, 1091 (1923); Re Olson’s Estate, 194 Wash. 219, 224, 77 P.2d 781, 784 (1938). Moreover, we are persuaded that “the motive or purpose of a change of domicile or residence is not material.” Stevens v. Larwill, 110 Mo.App. 140, 155-56, 84 S.W. 113, 117 (1904). See *798 In re Nix’s Estate, supra;[2] In re Newman’s Estate, 124 Cal. 688, 57 P. 686 (1899).[3]
It was the probate court’s responsibility to determine Mildred Ford’s intention from the conflicting testimony elicited at the hearing on the petitions for letters of administration. In re Newman’s Estate, 124 Cal. at 693, 57 P. at 687; In re Donovan’s Estate, 104 Cal. at 625, 38 P. at 456. The probate court resolved the issue in Ford’s favor, finding that she was a resident of Alabama, and appointed her admin-istratrix of her deceased son’s estate. In reviewing that order, we are mindful of the probate court’s discretion in determining the existence of causes of disability enumerated in Code 1975, § 43-2-22(a). Kidd v. Bates, 120 Ala. 79, 23 So. 735 (1898). We think the court properly exercised its discretion, as there clearly was evidence to support its conclusion. Consequently, its order is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, AL-MON and EMBRY, JJ., concur.

. On cross-examination, Mildred Ford admitted that Jon Ford’s body had been cremated.

. In In re Nix's Estate, a person seeking letters of administration testified that she had been induced to come to Montana by information that she could be appointed administratrix of her deceased brother’s estate. 66 Mont, at 564, 213 P. at 1091. The Supreme Court of Montana said that "[t]he question of what induced her to come to Montana is not material” to whether she was a "bona fide resident” of Montana. Id.

. In In re Newman’s Estate, the California Supreme Court looked beyond an unfaithful wife's testimony that she would not have come to California but for the fact that her deceased husband had left an estate there, to her state'ments regarding her intention to remain in California, in affirming a finding that she was a resident of California, entitled to letters of administration. 124 Cal. at 693, 57 P. at 687.